IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES A. WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No.: _____ |
| | § | |
| VIRGINIA A DAVIDSON, | § | |
| INDIVIDUALLY, CALFEE, HALTER | § | |
| & GRISWOLD, LLP, and FLOOD & | § | |
| FLOOD, | § | |
| | § | |
| Defendants. | § | |

United States Courts
Southern District of Texas
FILED

FEB 0 9 2012

David J. Bradley, Clerk of Court

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN
DISTRICT OF TEXAS, HOUSTON DIVISION:

Defendants Virginia A. Davidson, individually, Calfee, Halter & Griswold, LLP, and

Flood & Flood file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the

State Court Action, defined below, as follows:

## I.

## PROCEDURAL HISTORY

1.  On January 13, 2012, Charles A. Watson ("Plaintiff") filed Plaintiff's Original

Petition and Request for Disclosures against Virginia A. Davidson, individually ("Davidson"),

Calfee, Halter & Griswold, LLP ("Calfee, Halter") and Flood & Flood ("Flood") (collectively,

"Defendants") in the 215th Judicial District Court of Harris County, Texas in Cause No. 2012-

02717 ("the State Court Action").  *See* Exhibit "A" attached hereto and incorporated herein by

reference.

2.     Defendants Davidson and Calfee, Halter represented Plaintiff in a three-count indictment that alleged bankruptcy fraud, concealment of assets, and false oath and claims. *See* Indictment attached as Exhibit "B." Flood represented Watson's co-defendant, Tiffanie Purvis in the same indictment. Flood did not represent Watson and has never represented Watson. Plaintiff pleaded guilty to a superseding criminal information alleging obstruction of court orders and knowing disregard of the bankruptcy laws. The indictment against Flood's client, Tiffanie Purvis, was dismissed. *See* Government's Motion to Dismiss attached as Exhibit "C" and the Order granting same attached as Exhibit "D." On January 14, 2011, Plaintiff was sentenced to a 12-month term in the custody of the Bureau of Prisons on both counts to run concurrently. In the State Court Action, Watson has sued Defendants alleging that their negligence "was both 'cause-in-fact' and foreseeable and therefore was a proximate cause of Plaintiff's damages which resulted in a sentence of one year confinement in a maximum security confinement facility (Houston - FDC) rather than probation or a minimum security camp in Bastrop, Texas or Beaumont, Texas." *See* Exhibit A, p. 4. Watson's sole liability theory in the State Court Action is negligence. *See* Exhibit A, pp. 4-5.

## II.

## DIVERSITY JURISDICTION

3.     At the time Plaintiff filed his Original Petition, and at the time Defendants filed this Notice of Removal, Charles A. Watson was a resident of Harris County, Texas. Therefore, Plaintiff is a citizen of Texas.

4.     At the time Plaintiff filed his Original Petition, and at the time Defendants filed this Notice of Removal, Virginia A. Davidson was and is a licensed attorney residing in Ohio

with a principal place of business located in Cleveland, Ohio. Therefore, Virginia A. Davidson is a citizen of Cleveland, Ohio.

5.      At the time Plaintiff filed his Original Petition, and at the time Defendants subsequently filed this Notice of Removal, Calfee, Halter & Griswold, LLP, was a foreign Limited Liability Partnership with its principal place of business located in Cleveland, Ohio. Therefore, Calfee Halter & Griswold, LLP is a citizen of Cleveland, Ohio.

6.      Flood & Flood is a Texas general partnership with its principal place of business located in Texas.  Therefore, Flood & Flood is a citizen of Texas.  However, Flood & Flood's citizenship should be disregarded because Plaintiff has improperly joined it as a party simply to defeat diversity of citizenship in this case.  Although consent is not needed for a defendant that has been improperly joined (*Jernigan v. Ashland Oil, Inc.* 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993)), Flood & Flood, through its counsel, nevertheless consents to this removal.

7.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* ¶*20, infra.*

### Flood & Flood is Improperly Joined

8.      Improper joinder is determined based on an analysis of causes of action alleged in the petition at the time of removal. *See Tedder v. F,M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979).  If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999).  It is well-settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection to the controversy. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).

Thus, when determining whether diversity jurisdiction exists, courts shall disregard the citizenship of improperly joined defendants. *Tedder,* 590 F.2d at 117.  The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Id.* (citations omitted).

9.      Flood has been improperly joined in this case to defeat diversity jurisdiction because there has been both actual fraud in the pleadings, and, there is "no possibility of recovery" by Plaintiff against Flood, meaning "there is no reasonable basis for the district court to predict that [Plaintiff] might be able to recover" against Flood. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

### *The pleadings against Flood are fraudulent.*

10.      Plaintiff's petition is replete with the false factual allegation that a lawyer-client relationship existed between Watson and Flood:

- "Defendants [defined to include Flood] were engaged to provide legal services to Plaintiff in defense of a criminal indictment in [*U.S. v. Watson*]" [Exhibit A., p. 2];

- "Defendants [defined to include Flood] were negligent in their Pre-Sentence Investigation and handling of sentencing." [Exhibit A., p. 3];

- "Specifically, Defendants [defined to include Flood] failed to investigate evidence to support the counts remaining after the plea agreement." [Exhibit A., p. 3];

- "On the count for obstruction of court orders, Defendants [defined to include Flood] failed to investigate whether there was sufficient evidence to support a conviction for obstruction of an order that had been superseded and/or rescinded." [Exhibit A., p. 3]

- "On the count for knowing disregard of the bankruptcy laws, Defendants [defined to include Flood] failed to investigate whether there was sufficient evidence that any case or related proceeding was dismissed under the specific circumstances then existing to support conviction." [Exhibit A., p. 3]

- "While the Government, by the plea agreement, limited conviction to two factual events that by the time of sentencing had not occurred, Defendants [defined to include Flood] were negligent in the handling of pre-sentencing and sentencing in failing to address the evidentiary basis for punishment." [Exhibit A., p. 3]

- "By invitation of the court, Defendants [defined to include Flood] were given the opportunity to recommend the detention facility in which Plaintiff should serve his sentence." [Exhibit A., p. 3]

- "Defendants [defined to include Flood] were negligent in failing, and refusing, to timely provide the court with a recommendation for a federal camp." [Exhibit A., p. 3]

- "However, Defendants [defined to include Flood] failed to object to the Government's breach at sentencing, forfeiting Plaintiff's claim for appellate review from the error, and the length of Plaintiff's confinement was materially extended." [Exhibit A., p. 4]

- "As a result of Defendant's [defined to include Flood] negligence and waiver, Plaintiff's sentence was affirmed on appeal." [Exhibit A., p. 4]

- "Defendants [defined to include Flood] had an obligation to investigate the factual circumstances surrounding the two misdemeanor criminal charges and both present to the pre-sentence investigator and assist in presenting to the pre-sentence investigator factual information which would have resulted in either no conviction being able to be sustained,

or at the least, a probated term of confinement based upon the voluntary sentencing guidelines." [Exhibit A., p. 4]

- "Plaintiff will show this court and jury that the conduct of Defendants [defined to include Flood] was both "cause-in-fact" and foreseeable and therefore was a proximate cause of Plaintiff's damages which resulted in a sentence of one year confinement in a maximum security confinement facility (Houston-FDC) rather than probation or a minimum security camp in Bastrop, Texas or Beaumont, Texas." [Exhibit A., p. 4]

- "As attorneys for Plaintiff, Defendants [defined to include Flood] owed Plaintiff a duty of care." [Exhibit A., p. 5

- "In the course of Defendants' [defined to include Flood] representation of Plaintiff, Defendants [defined to include Flood] failed to act with the diligence required under the standard of care." [Exhibit A., p. 5]

Attached as Exhibit "E" hereto is a true and correct copy of the Docket Sheet for defendant Watson in *U.S. v. Watson.* Listed as counsel for defendant Watson are:

Michael M. Phillips
The Michael M. Phillips Law Firm

Peter J. Comodeca
Calfee, et al

Virginia A. Davidson
Calfee Halter Griswold LLP

David Paul Cunningham

Attached as Exhibit "F" hereto is a true and correct copy of the Docket Sheet for defendant Purvis in *U.S. v. Watson.* Listed as counsel for defendant Purvis are:

Charles Thomas Flood
Flood & Flood

Chris Flood
Flood & Flood

11.     Flood could not have been counsel for both Watson and Purvis because conflicts existed between the co-defendants and no waiver of conflicts was executed and approved by the Court.  In fact, at the sentencing hearing that Plaintiff appears to be upset about, Mr. Flood is clearly named as counsel for Purvis and not Watson.  *See* Exhibit "G", transcript of sentencing, attached hereto.  A review of the transcript makes it clear that Flood was not Watson's counsel. Flood was not, and could not have been, Watson's lawyer.  The factual assertion that Flood was Watson's lawyer is false.

### *There is no possibility of recovery against Flood*

12.     For the reasons discussed above, Plaintiff cannot recover against Flood under a legal malpractice claim because Flood wasn't Plaintiff's lawyer.  *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999) ("attorney not liable for malpractice to anyone other than her client") *citing, Savings Bank v. Ward*, 100 U.S. 195, 200 (1879) and *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996) (citing *Savings Bank*).

13.     However, even if Flood was Plaintiff's lawyer, there is still no possibility of recovery under a negligence theory because Plaintiff pleaded guilty, his appeals are final, and he has not been exonerated.

14.     In Texas, it is well-settled that claims such as Watson's are barred as a matter of law, lest criminals be permitted to profit from their wrongful acts.  The sole cause of any damages flowing from a criminal conviction that has not been overturned is the illegal conduct of the convict.  *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497 (Tex. 1995).  Watson's conviction has not been overturned, so his suit necessarily fails.

15.     The Texas Supreme Court is unequivocal that a convicted criminal may not sue his former attorneys for damages from his conviction unless he has first been exonerated.  The *Peeler* Court explained:

> While we agree with the other state courts that public policy prohibits convicts from profiting from their illegal conduct, we also believe that allowing civil recovery for convicts impermissibly shifts responsibility for the crime away from the convict.  This opportunity to shift much, if not all of the punishment assessed against convicts for their criminal acts to their former attorneys, drastically diminishes the consequences of the convicts' criminal conduct and seriously undermines our system of criminal justice.

*Id.* at 498.  Thus, in *Peeler,* the plaintiff's claims against her former defense attorney and his firm for Deceptive Trade Practices Act ("DTPA") violations and legal malpractice were dismissed, despite claims that the plaintiff's attorney had failed to inform her that the government had offered her absolute transaction immunity.  *Id.* at 496.  According to the Court, "without first establishing that she has been exonerated by direct appeal, post-conviction relief, or otherwise, Peeler cannot sue her attorney."  *Id.* at 495.  It would be improper for a court to so much as consider claims such as these, as it would "allow the criminal to profit by his own fraud, or to take advantage of his own wrong, or to found [a] claims upon his iniquity, or to acquire property by his own crime."  *Id* at 497 (quoting *State ex rel. O'Blennis v. Adof,* 691 S.W.2d 498, 504 (Mo. Ct. App. 1985)).

16.     The San Antonio Court of Appeals is equally emphatic:  "Can a client who contends that his willful criminal act . . .  directly resulted from attorney's negligent services sue that attorney for legal malpractice?  We find that the answer in Texas is no."  *Saks v. Sawtelle, Goode, Davidson & Troilo,* 880 S.W.2d 466, 469 (Tex. App. – San Antonio 1994, writ denied) (citing *Gulf v. Johnson,* 9 S.W. 602, 603 (Tex. 1888); *Houston Ice & Brewing Co. v. Sneed,* 132 S.W. 386, 388 (Tex. Civ. App. 1910, writ dism'd)).  In *Saks,* the plaintiffs alleged

negligence, gross negligence, misrepresentation, breach of express and implied warranties, and deceptive trade practices, claiming that their attorneys failed to inform them of potential criminal violations arising from a series of transactions and misrepresented the legality of the transactions to plaintiff. *See id.* at 467-68. The court dismissed the claims, nothing that "as a matter of law, appellants' causes of action against appellees are defeated, and summary judgment is proper." *Id.* at 469. Because the conduct of which the plaintiff complained was "inextricably intertwined" with their knowing and willful criminal acts-as is the case here-the rule that "individuals who have committed illegal acts shall not be permitted to profit financially or be otherwise indemnified from their crimes" precluded plaintiff's suit. *Id.* at 470.

17.     Texas courts apply the *Peeler* doctrine to all tort claims in which the plaintiff must prove causation, including fraud and negligence. In *Martinez v. Woerner,* 2008 WL 2744749 (Tex. App. –Corpus Christi July 3, 2008, no pet.) (unpublished), the plaintiff brought suit against his former attorney after he was convicted of aggravated assault, alleging breach of fiduciary duty, fraud and unconscionable conduct under the DTPA. *Id.* at *2. Each of these causes of action is a tort that cannot he maintained unless the plaintiff establishes causation, so the plaintiff's claims were barred: "Under the public policy articulated by the supreme court in *Peeler* – and then echoed by our Court and numerous courts of appeals across the State— [plaintiff] cannot meet this causation requirement because he has not been exonerated." *Id.* at *2. Because the plaintiff's claims required a showing of causation, his entire case necessarily failed. *Id.* Not only has the Plaintiff here not been exonerated, he voluntarily pled guilty to the charges.

18.     There is no dispute that Watson pled guilty to obstruction of court orders and knowing disregard of the bankruptcy laws and his conviction was not, after exhausting all

attempts to appeal, overturned.  Where, as here, the plaintiff "has not been exonerated, [his]

illegal acts remain the sole proximate and producing causes of [his] indictment and conviction as

a matter of law." *Peeler,* 909 S. W.2d at 498[1].  Thus, Watson cannot prove causation, which is a

necessary element of his negligence claim.  As a result, Plaintiff has no plausible claim against

Flood, the sole non-diverse defendant.

19.     Plaintiff's negligence claim against Flood is against Texas' public policy against

permitting a convict to shift the consequences of his crime to a third party.  *See Peeler,* 909

S.W.2d at 498.  As in *Peeler,* "it is against public policy for the suit to continue in that it 'would

indeed shock the public conscience, engender disrespect for courts and generally discredit the

administration of justice.'"  *Id.* at 497 (quoting *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498,

504 (Mo. Ct. App. 1985)).  The Houston Court of Appeals has similarly held that, "[I]t is the

public policy of this state that the person's own criminal conduct is the sole cause for the

indictment and conviction."  *Donaldson v. Martin,* 2003 WL 22145667, at *2 (Tex. App. –

Houston [14th Dist.] Sept. 18, 2003, no pet.) (unpublished) (citing *Peeler).*[2]

20.     In *Peeler,* the plaintiff argued that, had her attorneys properly represented her, she

would have received transactional immunity and thereby avoided criminal prosecution

altogether.  *Peeler,* 909 S.W.2d at 498.  The Texas Supreme Court dismissed that contention,

holding that "[t]his argument does not, however, address the public policy principle at issue that

---

[1] *See also id.* at 497-98 ("[P]laintiffs who have been convicted of a criminal offense may negate the sole
proximate cause bar to their claim for legal malpractice in connection with that conviction only if they
have been exonerated on direct appeal, through post-conviction relief, or otherwise."); *Martinez v.
Alvarenga,* 2008 WL 441806, at *1 (Tex. App. – San Antonio Feb. 20, 2008, no pet.) (unpublished)
(same, quoting *Peeler).*

[2] *See also Garner v. Redmond,* 2004 WL 1746352, at *3 (Tex. App. – Corpus Christi, 2003 pet. denied)
(unpublished) ("[B]ecause appellant's damages were suffered by reason of his own illegal conduct and he
has not been exonerated from his criminal conviction, he is barred from maintaining legal malpractice
claims related to his conviction as a matter of public policy.").

convicts may not shift the consequences of their crime to a third party." *Id.* The Court then held

that "[t]he lost opportunity of an admittedly guilty person to escape prosecution because of her

lawyer's negligence does not override the public policy against shifting the consequences of a

crime to a third party." *Id.* Allowing such a suit to continue would "drastically diminish[] our

system of criminal justice." *Id.*

21.     The Houston Court of Appeals has reached the same conclusion.  In *Dover v.*

*Baker, Brown, Sharman & Parker,* 859 S.W.2d 441 (Tex. App. – Houston [1st Dist.] 1993, no

writ), the plaintiff alleged that he told his attorneys he did not want to enter into a banking

transaction if it would expose him to civil or criminal liability.  The attorneys approved the

transaction and advised the plaintiff to sign false affidavits in connection with it.  He was later

convicted for false statement and sued his attorneys for malpractice and breach of fiduciary duty.

The court dismissed the claims, finding that "Dover was found to have engaged in the underlying

criminal activity *knowingly* and *willfully* . . . . [W]here [plaintiff] was a knowing and willful

party to the illegal acts which contributed to his injury, public policy clearly bars him from

bringing suit to recover damages resulting from those acts." *Id.* at 450-51 (emphasis in original).

The soundness of the attorneys' advice was irrelevant; the fact that the claims were intertwined

with the plaintiff's conviction was sufficient to bar his claims.

22.     The factual truth of plaintiff's allegations is immaterial where the cause of action

arises from prosecution for plaintiffs' illegal acts.  Thus, "even if [defendant] is guilty of

negligence or misrepresentation, this fact is not relevant in light of the public policy which bars

appellants from recovering compensation for the damages they incurred as a result of their

conviction." *Saks,* 880 S.W2d at 470; *See also Owens v. Harmon,* 28 S.W.3d 177, 179 (Tex.

App. -- Texarkana 2000, pet. denied) ("[Plaintiff] has not been exonerated by any court, and his

direct appeals have failed . . . . [T]he trial court correctly interpreted the controlling law and did not err by rendering summary judgment in favor of the defendants.")

23.      Here, Plaintiff claims that had Flood properly represented him, he may have avoided prosecution. Yet Plaintiff, "at no time, even asserts that [he] did not commit the acts which formed the basis of the matters charged." *Peeler,* 909 S.W.2d at 498. To the contrary, he admits that he, in fact, committed the crime to which he pled guilty, and he is currently serving time in a federal penitentiary for his crimes. His claims are identical to those rejected by the Texas Supreme Court in *Peeler* and by various Texas Court of Appeal; Watson's claims, too, are barred as a matter of law.

24.      Removal jurisdiction is determined by looking to the claims and specific facts alleged, or the lack thereof, in Plaintiff's petition as they exist at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). Just mentioning a defendant and then failing to state specific actionable conduct against such defendant does not suffice to state a claim. *See Griggs v. State Farm Lloyd's,* 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has affirmed the finding of improper joinder when a plaintiff's pleading alleges no actionable facts specific to the individual defendant. *Id.* However, even under Texas' more lenient pleading requirement, Plaintiff in this case still cannot state a claim. *Cf. Edwea, Inc. v. Allstate Ins. Co.,* 2010 WL 5099607 at *6 (S.D. Tex. 2010).

### *Amount in Controversy*

25.      There is more than $75,000, exclusive of interest and costs, in controversy in this lawsuit. The "matter in controversy" under 28 U.S.C. §1332(a) is determined by reference to the plaintiff's pleadings. The damages the plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288

(1938). Dismissal or remand is only proper if, from the face of the pleadings, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed". *Id.* At 289.  A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993).  Plaintiff, a lawyer, asserts that his damages flow from being confined for one-year "in a maximum security confinement facility (Houston - FDC) rather than probation or a minimum security camp". Plaintiff's counsel has represented that Plaintiff's damages would overwhelm the policy limits of Flood's co-defendants' malpractice insurance.  Therefore, Plaintiff's claim exceeds the sum of $75,000, exclusive of interest and costs, and exceeds the minimum amount in controversy as required by 28 U.S.C. §1332.

### III.

### <u>VENUE</u>

26.     Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the United States District Court for the Southern District of Texas, Harris Division.

### IV.

### <u>NOTICE TO STATE COURT</u>

27.     Notice of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on all parties.  28 U.S.C. § 1446(d).

## V.

## DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. 7.1(a)

28.      Pursuant to the requirements of F.R.C.P. 7.1(a), a Disclosure Statement will be filed contemporaneously herewith.

## VII.

## CONCLUSION

29.      Because (1) Plaintiff is a resident in Texas (thus citizens of Texas); (2) Defendants Davidson and Calfee, Halter are citizens of Ohio; (3) Flood was improperly joined in this action; and (4) the amount in controversy, exclusive of interest and costs, exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship.  28 U.S.C. §1332. Therefore, this removal action is proper.

WHEREFORE, Defendants Virginia A. Davidson, Calfee, Halter & Griswold, LLP, and Flood & Flood respectfully request that the State Court Action be removed from the 215th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

/s/ Paul Nugent
Paul Nugent
Federal I.D. No. 4980
State Bar of Texas  15132600
402 Main, Suite 800
Houston, TX 77002
Phone (713) 227-4000
Fax (713) 223-8879

ATTORNEY IN CHARGE FOR
DEFENDANTS VIRGINIA A DAVIDSON,
CALFEE, HALTER & GRISWOLD, LLP, and
FLOOD & FLOOD

Of counsel:

Heather Peterson
Federal I.D. No. 22953
State Bar of Texas  24007834
NUGENT & PETERSON
402 Main, Suite 800
Houston, TX 77002
Phone (713) 227-4000
Fax (713) 223-8879

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on February 9, 2012, a copy of the foregoing **Notice of Removal** was filed using the Clerk's electronic system, and that a copy will be served upon all counsel of record via email pursuant to the Clerk's electronic filing system as well as by certified mail, return receipt requested to:


Michael M. Phillips
The Michael M. Phillips Law Firm, P.C.
P.O. Box 1030
Angleton, Texas 77516-1030


<u>/s/ Paul Nugent</u>
Paul Nugent

# EXHIBIT A

CONFIRMED FILE DATE: 1/13/2012

Certified Document Number: 51050633 - Page 1 of 7

2012-02717

CAUSE NO. _____

| | | |
|---|---|---|
| CHARLES A. WATSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| VIRGINIA A. DAVIDSON, | § | |
| INDIVIDUALLY, CALFEE, HALTER & | § | |
| GRISWOLD, LLP, AND FLOOD & | § | |
| FLOOD, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |



**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Plaintiff, Charles A. Watson, files this Original Petition and Request for Disclosure, complaining of Virginia A. Davidson, individually, Calfee, Halter & Griswold, LLP, and Flood & Flood, and for such petition, would show the Court as follows:

**A. Discovery - Control Plan**

1.     Plaintiff intends to conduct discovery under Level Three of Tex.R.Civ.P. 190.4.

**B. Parties**

2.     Charles A. Watson ("Watson" or "Plaintiff") is an individual residing in Harris County, Texas.

3.     Virginia A. Davidson ("Davidson"), a licensed attorney residing in Ohio and conducting business in Harris County, Texas, may be served at her Ohio office address, 1400 Keybank Center, 800 Superior Avenue, Cleveland, OH 44114.

4.     Calfee, Halter & Griswold, LLP ("CHG"), a foreign Limited Liability Partnership conducting business in Harris County, Texas, may be served with process by serving its

1

registered agent, Brent D. Ballard, 1400 Keybank Center, 800 Superior Avenue, Cleveland, OH 44114.

5.     Flood & Flood ("Flood" and collectively with Davidson and CHG, "Defendants"), an unincorporated association doing business in Harris County, Texas, may be served with process by serving its owner, Chris Flood, at 2135 Del Monte, Houston, TX 77019.

### C.   Jurisdiction

6.     The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional limits.  The Court has jurisdiction over Davidson and CHG, non-residents, because said defendants purposely availed themselves of the privileges and benefits of conducting business in Texas by providing legal services to the Plaintiff in a cause pending in Houston, Harris County, Texas, which is the subject of this suit, in whole or in part, in Texas.

### D.   Venue

7.     Venue is appropriate in Harris County, Texas because Harris County is a county in which all or a substantial part of the events or omissions giving rise to the claim occurred (C.P.R.C. § 15.002(a)(1)) and is the county of defendant's principal office in this State as to Flood & Flood and the county of residence of its owner, Chris Flood, at the time the cause of action arose (C.P.R.C. § 15.002(a)(2)).

### E.   Factual Allegations

8.     Defendants were engaged to provide legal services to Plaintiff in defense of a criminal indictment in Case 4:10-CR-00187, *U.S. v. Watson et al.*, in the United States District Court for the Southern District of Texas, Houston Division. Plaintiff reached a plea agreement with the Government, providing that Plaintiff would be charged with and plead guilty only to the

Certified Document Number: 51050633 - Page 2 of 7

2

misdemeanor offenses of (1) obstruction of court orders and (2) knowing disregard of the bankruptcy laws. In turn, the Government agreed to not take a position on punishment at the time of sentencing.  As of that time, significant responsibilities remained for the attorney to perform in assisting in the Pre-Sentence Investigation, the PSI report, and objection to matters that cannot be resolved on the PSI.

9.      Defendants were negligent in their Pre-Sentence Investigation and handling of sentencing. Specifically, Defendants failed to investigate evidence to support the counts remaining after the plea agreement. On the count for obstruction of court orders, Defendants failed to investigate whether there was sufficient evidence to support a conviction for obstruction of an order that had been superseded and/or rescinded.  On the count for knowing disregard of the bankruptcy laws, Defendants failed to investigate whether there was sufficient evidence that any case or related proceeding was dismissed under the specific circumstances then existing to support conviction. While the Government, by the plea agreement, limited conviction to two factual events that by the time of sentencing had not occurred, Defendants were negligent in the handling of pre-sentencing and sentencing in failing to address the evidentiary basis for punishment.  If a conviction could be sustained with only a "plea of guilty" then the punishment should have probated any term of confinement.

10.      By invitation of the court, Defendants were given the opportunity to recommend the detention facility in which Plaintiff should serve his sentence. Defendants were negligent in failing, and refusing, to timely provide the court with a recommendation for a federal camp. As a result, Plaintiff was sentenced to serve time in a maximum security, lock-down facility (Houston FDC) rather than a minimum security camp, which has no bars, fences or other lock-down facilities for high-security confinement.

Certified Document Number: 51050633 - Page 3 of 7

11.     At sentencing, the Government failed to keep its promise to stand silent and therefore breached the plea agreement. However, Defendants failed to object to the Government's breach at sentencing, forfeiting Plaintiff's claim for appellate relief from the error, and the length of Plaintiff's confinement was materially extended.  As a result of Defendant's negligence and waiver, Plaintiff's sentence was affirmed on appeal.

**Count I - Negligence**

12.     Plaintiff entered into a contract with the United States of America which was reduced to writing and formally approved by the trial court, being the U.S. District Court, Southern District of Texas, Honorable David Hittner, presiding.  This contract provided that Plaintiff would enter a plea of guilty to two misdemeanor counts.  The United States of America had an obligation to present to the sentencing judge evidence necessary to support a misdemeanor conviction.  Additionally, as a part of this contract, the United States of America was prohibited from taking a position at sentencing to the sentencing judge. Defendants' had an obligation to investigate the factual circumstances surrounding the two misdemeanor criminal charges and both present to the pre-sentence investigator and assist in presenting to the pre-sentence investigator factual information which would have resulted in either no conviction being able to be sustained, or at the least, a probated term of confinement based upon the voluntary sentencing guidelines.  Plaintiff will show this court and jury that the conduct of Defendants was both "cause-in-fact" and forseeable and therefore was a proximate cause of Plaintiff's damages which resulted in a sentence of one year confinement in a maximum security confinement facility (Houston – FDC) rather than probation or a minimum security camp in Bastrop, Texas or Beaumont, Texas.

Certified Document Number: 51050633 - Page 4 of 7

13.    Davidson was negligent and her negligence proximately caused injuries to Plaintiff in the following ways:

a.    Failing to investigate and provide the pre-sentence investigator and the court evidence that the count alleging obstruction of court orders could not support a conviction because the court order relied upon in the complaint was subsequently rescinded;

b.    Failing to investigate and provide the pre-sentence investigator and the court that the count for knowing disregard of bankruptcy law could not support a conviction when the facts that established no case or proceeding was dismissed because of Plaintiff's alleged conduct;

c.    Failing and refusing to timely provide the court with a recommendation for a minimum security camp which by default resulted in confinement in Houston – FDC;

d.    At sentencing failing to object to the Government's opposition of increasing the sentence to the sentence on the second count to a one-day sentence to be served consecutive to the one year sentence resulting in a longer term of incarceration and confinement in Houston – FDC and effectively eviscerating Plaintiff's appeal.

14.    By principals of agency, CHG and Flood are liable for the negligence and wrongful conduct of Davidson.

15.    As attorneys for Plaintiff, Defendants owed Plaintiff a duty of care. In the course of Defendants' representation of Plaintiff, Defendants failed to act with the diligence required under the standard of care. As a result of Defendants' conduct, Plaintiff has proximately suffered actual damages that are in excess of the minimum jurisdictional limits of the Court. Davidson is individually liable for her own negligence and wrongful conduct. By principles of agency, CHG and Flood are liable for the negligence and wrongful conduct of the lawyers acting on their behalf.

**F.   Request for Disclosure**

Certified Document Number: 51050633 - Page 5 of 7

16.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(a) through (l). Furthermore, Defendants are under a duty to seasonably supplement their answers in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

### G.   Prejudgment Interest

17.     Plaintiff maintains this suit for prejudgment interest on his damages in the maximum amount as authorized by law.

### H.   Right to Amend

18.     Plaintiff specifically reserves the right to further amend these pleadings prior to the trial of this cause, and to show more specifically the grievous injuries and damages sustained by Plaintiff due to the negligence of the Defendants.

### I.   Jury Demand

19.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### J.   Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Charles A. Watson, prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment as prayed for against Defendants as heretofore specifically plead as compensatory damages; that he have prejudgment interest on said judgment as authorized by law; that Plaintiff have interest on said judgment at the legal rate from the date of entry until paid; that he have his costs of court and that he have such other and further relief, general or special, legal or equitable, to which he may show himself justly entitled and for which he will ever pray.

Certified Document Number: 51050633 - Page 6 of 7

Respectfully submitted,

THE MICHAEL M. PHILLIPS LAW FIRM, P.C.

Michael M. Phillips
State Bar No. 15939000
P.O. Box 1030
Angleton, TX 77516-1030
[Tel.] (979) 849-4382
[Fax] (979) 849-1409

ATTORNEY FOR PLAINTIFF

Certified Document Number: 5105063 - Page 7 of 7

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 3, 2012

Certified Document Number:        51050633 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 2012-02717    **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Charles A. Watson v. Virginia A. Davidson, Individually, Calfee, Halter & Griswold, LLP, and Flood & Flood

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| | |
|---|---|
| **Name:** Michael M. Phillips | **Email:** michael@mphillipslaw.com |
| **Address:** P.O. Box 1030 | **Telephone:** 979-848-4382 |
| **City/State/Zip:** Angleton, Texas 77516-1030 | **Fax:** 979-849-1409 |
| **Signature:** | **State Bar No:** 15939000 |

**Names of parties in case:**

**Plaintiff(s)/Petitioner(s):** Charles A. Watson

**Defendant(s)/Respondent(s):**
Virginia A. Davidson, Individually,
Calfee Halter & Griswold, LLP, and
Flood & Flood

*[Attach additional page as necessary to list all parties]*

**Person or entity completing sheet is:**
- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

**Additional Parties in Child Support Case:**

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

*FILED*
Diane Daniel
District Clerk
JAN 13 2012

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

| Contract | Injury or Damage | Real Property | Related to Criminal Matters |
|---|---|---|---|
| **Debt/Contract** <br> [ ] Consumer/DTPA <br> [ ] Debt/Contract <br> [ ] Fraud/Misrepresentation <br> [ ] Other Debt/Contract: <br><br> **Foreclosure** <br> [ ] Home Equity—Expedited <br> [ ] Other Foreclosure <br> [ ] Franchise <br> [ ] Insurance <br> [ ] Landlord/Tenant <br> [ ] Non-Competition <br> [ ] Partnership <br> [ ] Other Contract: | [ ] Assault/Battery <br> [ ] Construction <br> [ ] Defamation <br> **Malpractice** <br> [ ] Accounting <br> [x] Legal <br> [ ] Medical <br> [ ] Other Professional Liability: <br><br> [ ] Motor Vehicle Accident <br> [ ] Premises <br> **Product Liability** <br> [ ] Asbestos/Silica <br> [ ] Other Product Liability <br> List Product: _____ <br><br> [ ] Other Injury or Damage: | [ ] Eminent Domain/ Condemnation <br> [ ] Partition <br> [ ] Quiet Title <br> [ ] Trespass to Try Title <br> [ ] Other Property: <br><br> **Related to Criminal Matters** <br> [ ] Expunction <br> [ ] Judgment Nisi <br> [ ] Non-Disclosure <br> [ ] Seizure/Forfeiture <br> [ ] Writ of Habeas Corpus— Pre-indictment <br> [ ] Other: | |

### Family Law

| Marriage Relationship | Post-judgment Relief from TRO/JP |
|---|---|
| [ ] Annulment <br> [ ] Declare Marriage Void <br> **Divorce** <br> [ ] With Children <br> [ ] No Children | [ ] Enforcement <br> [ ] Modification—Custody <br> [ ] Modification—Other <br> **Title IV-D** <br> [ ] Enforcement/Modification <br> [ ] Paternity <br> [ ] Reciprocals (UIFSA) <br> [ ] Support Order |
| **Other Family Law** <br> [ ] Enforce Foreign Judgment <br> [ ] Habeas Corpus <br> [ ] Name Change <br> [ ] Protective Order <br> [ ] Removal of Disabilities of Minority <br> [ ] Other: | **Parent-Child Relationship** <br> [ ] Adoption/Adoption with Termination <br> [ ] Child Protection <br> [ ] Child Support <br> [ ] Custody or Visitation <br> [ ] Gestational Parenting <br> [ ] Grandparent Access <br> [ ] Parentage/Paternity <br> [ ] Termination of Parental Rights <br> [ ] Other Parent-Child: |

| Employment | Other Civil |
|---|---|
| [ ] Discrimination <br> [ ] Retaliation <br> [ ] Termination <br> [ ] Workers' Compensation <br> [ ] Other Employment: | [ ] Administrative Appeal <br> [ ] Antitrust/Unfair Competition <br> [ ] Code Violations <br> [ ] Foreign Judgment <br> [ ] Intellectual Property <br><br> [ ] Lawyer Discipline <br> [ ] Perpetuate Testimony <br> [ ] Securities/Stock <br> [ ] Tortious Interference <br> [ ] Other: |

| Tax | Probate & Mental Health |
|---|---|
| [ ] Tax Appraisal <br> [ ] Tax Delinquency <br> [ ] Other Tax | **Probate/Wills/Intestate Administration** <br> [ ] Dependent Administration <br> [ ] Independent Administration <br> [ ] Other Estate Proceedings <br><br> [ ] Guardianship—Adult <br> [ ] Guardianship—Minor <br> [ ] Mental Health <br> [ ] Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court <br> [ ] Arbitration-related <br> [ ] Attachment <br> [ ] Bill of Review <br> [ ] Certiorari <br> [ ] Class Action | [ ] Declaratory Judgment <br> [ ] Garnishment <br> [ ] Interpleader <br> [ ] License <br> [ ] Mandamus <br> [ ] Post-judgment | [ ] Prejudgment Remedy <br> [ ] Protective Order <br> [ ] Receiver <br> [ ] Sequestration <br> [ ] Temporary Restraining Order/Injunction <br> [ ] Turnover |

CONFIRMED FILE DATE: 1/13/2012

Certified Document Number: 51050634 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>February 3, 2012</u>

Certified Document Number:        <u>51050634 Total Pages:  1</u>

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

CONFIRMED FILE DATE: 1/20/2012



# CHRIS DANIEL

**HARRIS COUNTY DISTRICT CLERK**

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2012-02717

ATY ✓  CIV ___

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**ATTORNEY:** Phillips, Michael **PH:** _____

**CIVIL PROCESS SERVER:** _____

**PH:** _____

**PERSON NOTIFIED SVC READY:** _____

**DATE:** _____

**30th day after date of issuance** 2.13.12

| Type of Service Document: | _____ | Tracking Number | 72743897 |
| Type of Service Document: | _____ | Tracking Number | 72743895 |
| Type of Service Document: | _____ | Tracking Number | 72742093 |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |
| Type of Service Document: | _____ | Tracking Number | _____ |

**Process papers prepared by:** KPerkins

**Date:** 1/20/2012

**Process papers released to:** _____

**Process papers released by:** _____ KP

**Date:** 1/20/20 , 2012 **Time:** 1/116 **AM / PM**

Certified Document Number: 51148259 - Page 1 of 1

Revised 3/10/11



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>February 3, 2012</u>

Certified Document Number:       <u>51148259 Total Pages: 1</u>

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 5 2010

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **CRIMINAL NO.** |
| | § | |
| v. | § | |
| CHARLES A. WATSON | § | **H-10- 187** |
| TIFFANIE PURVIS | § | |
| DEFENDANTS | § | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### (Bankruptcy Fraud, 18 U.S.C. § § 157 (1)(3))

A.  **INTRODUCTION**

**AT ALL TIMES MATERIAL HEREIN:**

1.  The defendant **Charles A. Watson ("Watson")**, was a resident of Houston, Texas. He was the founding Partner and Owner of **The Watson Law Firm** located in Houston, TX. **Watson** was a licensed attorney in the State of Texas and principally practiced Insurance defense law. Additionally, **Watson** was the General Partner and he was a Limited Partner in First Bunny Luv, Ltd., a Limited Partnership created by **Watson**. **Watson** was formerly married to Tivona Watson, also a Limited Partner in First Bunny Luv Ltd., and they had one child.

1

2.     The defendant **Tiffanie Purvis ("Purvis")** was a resident of Houston, TX., and she dated **Watson**. Purvis worked in Real Estate sales in the State of Texas and her office was located in The Watson Law Firm and other locations in the Houston area.

3.     Southwest USA Corporation, was a wholly owned company for **SouthwestUSA Bank** which was a privately owned bank operating in Las Vegas, NV.

4.     **First Bunny Luv Ltd.,** was a Limited Partnership created by **Watson** in 2001. **Watson** caused The Watson Law Firm to purchase 20,000 shares of stock in Southwest USA Corporation for $100,000.

## The Bankruptcy Process

5.     Bankruptcy is a process by which a debtor (an individual or a business that files bankruptcy) obtains relief from its creditors (those who are owed money by the debtor). The process is designed to achieve orderly transfer of a debtor's assets to creditors from available assets truthfully disclosed and to provide a "fresh start" to honest debtors by allowing them to obtain a discharge of debt incurred prior to filing bankruptcy. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

6.      An individual or a business may file a "petition" for one of several types of bankruptcy, commonly referred to as chapters.  Two of these types of bankruptcy are known as "chapter 11" and "chapter 7."  A case filed under chapter 11 of the United States Bankruptcy Code is frequently referred to as a "reorganization" bankruptcy.    Upon filing a voluntary petition for relief under chapter 11, the debtor automatically becomes a "debtor in possession." 11 U.S.C. § 1101. The term refers to a debtor that keeps possession and control of its assets while undergoing a reorganization under chapter 11, without the appointment of a case Trustee.  In a chapter 11 case, the debtor proposes a plan for the repayment of creditors and the debtor is responsible for making those payments pursuant to the plan.  A debtor will remain as debtor in possession until the debtor's plan of reorganization is confirmed, the debtor's case is dismissed or converted to chapter 7, or a chapter 11 Trustee is appointed.

7.      A chapter 7 bankruptcy case does not involve the filing of a plan of repayment as in chapter 11. Instead, the chapter 7 Trustee gathers and sells the debtor's nonexempt assets and uses the proceeds from the sale of such assets to pay creditors.  Part of the debtor's property may be subject to liens and mortgages that pledge the property to other creditors. In addition, the Bankruptcy Code will allow

3

the debtor to keep certain "exempt" property; but a trustee will liquidate the debtor's remaining non-exempt assets. Accordingly, debtors should realize that the filing of a petition under chapter 7 may result in the loss of property. The benefit to a debtor under chapter 7 is the issuance of a discharge which prevents creditors from pursuing the collection of debts incurred before the bankruptcy was filed. Creditors will only be paid from the proceeds of the debtor's estate obtained by the chapter 7 Trustee.

8. A debtor (individual or business) is required to complete and file several documents with the bankruptcy court to carry out the bankruptcy process. These documents consist of a Petition, which contains summary information about the debtor's financial condition, various Bankruptcy Schedules, and a Statement of Financial Affairs, which contain, among other things, detailed information about the debtor's assets, liabilities, recent payments to creditors, past and current income, and anticipated future income. The Petition, Statement of Financial Affairs and Bankruptcy Schedules are required to be signed by the debtor and certified under penalty of perjury that the information contained in them is true and correct.

9. A debtor is required to disclose all creditors to the bankruptcy court so that the court can provide notice to the creditors of the filing of the bankruptcy petition. One purpose of this requirement is to allow the creditors the

4

opportunity to participate in the bankruptcy proceeding and protect their interests.

10.     As part of the bankruptcy process, every debtor must submit to a meeting conducted by the case Trustee, or an employee of the United States Trustee's Office who is assigned to oversee and to administer the bankruptcy case.  At this meeting, referred to as a "creditors' meeting," the debtor is placed under oath and questioned by the case Trustee, and any creditors who choose to attend, about the information contained in the bankruptcy documents and about the debtor's financial condition, in general.

11.     On or about November 10, 2004, in the Houston Division of the Southern District of Texas, defendant Watson filed a voluntary Chapter 11 case, in his name ("the Watson bankruptcy"), in the United States Bankruptcy Court, case number: 04-46189. Subsequently, due to Watson's financial condition, a bankruptcy judge converted the case from Chapter 11 to Chapter 7, and a chapter 7 Trustee, Lowell T. Cage was appointed. As part of the bankruptcy requirements, Watson filed a Statement of Financial Affairs and other Bankruptcy Schedules listing assets, liabilities, secured and non-secured creditors, and financial information, which Watson signed as true and correct, under penalty of perjury.

12.     Also, on November 10, 2004, in the Houston Division of the Southern District of Texas, defendant Watson filed a voluntary Chapter 11 case on

behalf of The Watson Law Firm, ("the Law Firm bankruptcy") in the United States Bankruptcy Court, case number: 04-46179. Subsequently, due to the law firm's financial condition, a bankruptcy judge converted the case from Chapter 11 to Chapter 7, and Lowell T. Cage was also appointed chapter 7 Trustee in the Law Firm bankruptcy. As part of the bankruptcy requirements, Watson filed on behalf of the law firm, a Statement of Financial Affairs and other Bankruptcy Schedules listing assets, liabilities, secured and non-secured creditors, etc., which Watson signed as true and correct, under penalty of perjury.

13.     On or about December 8, 2004, in the Watson bankruptcy, Watson filed "Schedule B" listing all of his Personal Property and the Current Market Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption.   In item Number 12. "Stock and Interests in incorporated and unincorporated businesses. Itemize...," Watson listed stock and interests in several entities including, "Southwest USA   $750.00."

14.     Also, in "Schedule B", number 13. "Interest in partnerships or joint ventures ...", Watson only listed, "Charles A. Watson PC partner of Hanchen and Watson   $1,000.00," as an entity in which he had a partnership or joint venture interest.

15.     In "Schedule C", Watson claimed stock as exempt- included in

6

the stock is SouthwestUSA with a value of $750.00.

   16.  On or about December 3, 2004, Watson filed "Schedule B" in The Watson Law Firm bankruptcy listing all of the Personal Property and the Current Market Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption.   In item Number 12, "Stock and Interest in incorporated and unincorporated businesses, itemize," Watson indicated "None" as to any stock and interest in incorporated or unincorporated business entities.

   17.  Also, in "Schedule B", item Number 13.  "Interest in partnerships or joint ventures", Watson only listed "Collins & Watson, LLP 50% ownership 0.00 " as an entity in which he had a partnership or joint venture interest.

   18. Sometime in the Fall 2005, the Chapter 7 Trustee learned that The Watson Law Firm had purchased 20,000 shares of stock in SouthwestUSA Bank valued at $100,000, and that  First Bunny Luv Ltd. was the owner of the stock. Watson did not disclose his ownership interest in the First Bunny Luv Ltd., Limited Partnership, in either bankruptcy case, and he did not disclose the true value of the Southwest USA stock in the "Schedule B" filings in December 2004, in the Watson bankruptcy.  The chapter 7 Trustee notified SouthwestUSA Bank that he was in possession of the Original Stock Certificate Number 49 for 20,000 shares of stock in

SouthwestUSA Bank, and of his belief that the stock was an asset of the Watson bankruptcy estate.

19.     In or about November and December 2006, defendants Watson and Purvis contacted SouthwestUSA Bank and informed the Bank that Purvis purchased the stock from Watson and they sought to have SouthwestUSA Bank transfer all of the stock to Purvis.

20.     On or about December 8, 2004, Watson filed the Statement of Financial Affairs in the Watson bankruptcy, in item 10, "other transfers," Watson stated "Pursuant to final Decree of Divorce of February 13, 2004 - 25 % interest held by First Bunny Luv Ltd., Family Trust, to daughter Gianna Francesca Watson."

B.     **The Scheme and Artifice to Defraud**

1.     From on or about November 10, 2004, and continuing to in or about August 2008, in the Southern District of Texas and elsewhere,

**CHARLES A. WATSON**
**and**
**TIFFANIE PURVIS**

defendants herein, having devised and intending to devise a scheme and artifice to defraud the Bankruptcy Court, the Trustee, and Creditors, did, for the purpose of executing and concealing and attempting to execute and conceal the scheme and artifice, file two (2) bankruptcy petitions under Title 11, in Case Nos. 04-46189 and

8

04-46179, respectively; file documents, specifically Bankruptcy Schedules in a proceeding under Title 11, and submit correspondence to SouthwestUSA Bank; and make false and fraudulent representations concerning and in relation to a proceeding under Title 11, as more fully set forth below.

C.  **Execution and Concealment of the Scheme and Artifice**

The scheme and artifice essentially consisted of the defendants, in each of the above mentioned cases, concealing and attempting to conceal, assets and the value of the assets, the SouthwestUSA stock, that would place the Bankruptcy Court, the chapter Trustee, and Creditors on notice of the existence of Watson's ownership interest in First Bunny Luv Ltd., Limited Partnership, and the true value of the stock, and Watson and Purvis' attempt to get SouthwestUSA Bank, by making false and fraudulent representations, to transfer the stock to Purvis. The defendants used the following manner and means, among other things, to execute this scheme to conceal assets and the true value of the assets:

2.  It was part of the scheme and artifice to defraud that Watson would and did file a personal bankruptcy case (No. 04-46189) and a bankruptcy in the name of The Watson Law Firm (No. 04-46179) for which he was the founding partner and owner.

3.  It was further part of the scheme and artifice to defraud that Watson

9

would and did cause The Watson Law Firm to purchase 20,000 shares of stock for $100,000 from SouthwestUSA Corporation and placed the stock in a Limited Partnership he created in the name of First Bunny Luv Ltd. Watson owned 1% interest in the Limited Partnership as General Manager and he owned 50% interest as a Limited Partner. Tivona Watson owned a 49% interest as a Limited Partner.

4.      It was further part of the scheme and artifice to defraud that Watson did not list his interest in a First Bunny Luv, Ltd. as required in the Bankruptcy Schedules.

5.      It was further part of the scheme and artifice to defraud that Watson did not list the true value of the stock purchased from SouthwestUSA Corporation.

6.      It was further part of the scheme and artifice to defraud that Watson received correspondence from SouthwestUSA Bank indicating that the value of the stock was greater than the amount he listed on the Bankruptcy Schedules, but Watson did not amend the Schedules to reflect the value of the stock.

7.      It was further part of the scheme and artifice to defraud that Watson did not amend the bankruptcy Schedules to show his interest in First Bunny Luv Ltd., Limited Partnership, until July 25, 2008, more than three (3) years after filing his Bankruptcy case.

8.      It was further part of the scheme and artifice to defraud that Watson

10

became aware that the Chapter 7 Trustee had asserted an interest in the stock in SouthwestUSA Corporation, and yet Watson subsequently attempted to sell the stock.

9.     It was further part of the scheme and artifice to defraud that Watson and Tiffanie Purvis, in an attempt to deceive and mislead officials at SouthwestUSA Bank wrote letters to the bank informing them that Purvis had purchased the 20,000 shares of stock from Watson, and requested the bank to transfer all of the shares to Purvis.

10.     It was further part of the scheme and artifice to defraud that Watson well knew that he could not sell the stock to Purvis because he did not possess the original stock certificate, and he well knew that the Chapter 7 Trustee was in possession of the stock certificate and had asserted an interest in the stock with SouthwestUSA Bank on behalf of the bankruptcy estate.

11.     It was further part of the scheme and artifice to defraud that Watson and Purvis again contacted officials with SouthwestUSA Bank and informed them that the original stock certificate had been lost and requested the bank to re-issue a new certificate in the name of Purvis, well knowing that the original stock certificate was in the possession of the Chapter 7 Trustee and that the Trustee had asserted an interest in the stock in behalf of the bankruptcy estate.

In violation of Title 18, United States Code, Sections 157 (1)(3).

11

## COUNT TWO
### (Concealment of Assets, 18 U.S.C., § 152 (1))

On or about December 08, 2004, in the Houston Division of the Southern District of Texas, and elsewhere,

## CHARLES A. WATSON

defendant herein, in connection with a case under Title 11 of the United States Code, specifically, case no. 04-46189, Charles A. Watson, Debtor, did knowingly and fraudulently conceal from the creditors and the Chapter 7 Trustee, property belonging to the defendant's bankruptcy estate, that is, defendant's interest in First Bunny Luv Ltd., a Limited Partnership, created by the defendant.

In violation of Title 18, United States Code, Section 152 (1).

## COUNT THREE
### (False Oath and Claims, 18 U.S.C., § 152 (3))

On or about November 10, 2004, in the Houston Division of the Southern District of Texas, and elsewhere,

## CHARLES A. WATSON

defendant herein, in connection with a case under Title 11 of the United States Code, specifically, case no. 04-46189, Charles A. Watson, Debtor, did knowingly and fraudulently make a declaration and statement under penalty of perjury as permitted under section 1746 of Title 28, in and in relation to the above case under Title 11, that

12

is, the defendant grossly understated the value at $750.00 of 20,000 shares of stock owned by a Limited Partnership, First Bunny Luv Ltd., in which defendant had an interest, well knowing that the value of the stock was approximately $100,000.00.

In violation of Title 18, United States Code, Section 152 (3).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE
Foreperson of the Grand Jury

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

By: _____
QUINCY L. OLLISON
Assistant United States Attorney

13

# EXHIBIT C

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. H-10-187-02 |
| | § | |
| TIFFANIE PURVIS | § | |

### GOVERNMENT'S MOTION TO DISMISS

The United States of America by and through José Angel Moreno, the United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney moves, pursuant to Rule 48(a), Fed.R.Crim.P., that this Court dismiss the indictment against the defendant in this case.

Respectfully submitted,

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

By:  /s/ Quincy L. Ollison
      Quincy L. Ollison
      Assistant United States Attorney
      (713) 567-9717

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Motion to Dismiss has been properly served upon Chris Flood, defendant's counsel by email, on this 19th day of October, 2010.

/s/ Quincy L. Ollison
Assistant U. S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal No. H-10-187-02 |
| | § |
| TIFFANIE PURVIS | § |

## ORDER OF DISMISSAL

The Government's motion to dismiss the indictment in this case against the defendant is GRANTED. The indictment against defendant Tiffanie Purvis is DISMISSED.

Done this _____ day of October, 2010, in Houston, Texas.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal No. H-10-187-02 |
| | § |
| TIFFANIE PURVIS | § |
| | § |

## ORDER OF DISMISSAL

The Government's motion to dismiss the indictment in this case against the defendant is GRANTED. The indictment against defendant Tiffanie Purvis is DISMISSED.

Done this __20__ day of October, 2010, in Houston, Texas.


_____         DAVID HITTNER
                                  UNITED STATES DISTRICT JUDGE

# EXHIBIT E

CM/ECF LIVE- US District Court-Texas Southern

CLOSED, COMPLEX

## U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CRIMINAL DOCKET FOR CASE #: 4:10-cr-00187-1

Case title: USA v. Watson et al

Date Filed: 03/25/2010
Date Terminated: 01/19/2011

Assigned to: Judge David Hittner

**Defendant (1)**

**Charles A Watson**
*Bond: $75,000.00 unsecured*
*TERMINATED: 01/19/2011*

represented by **Michael M Phillips**
The Michael M. Phillips Law Firm
PO Box 1030
Angleton, TX 77516
979-849-4382
Fax: 979-849-1409
Email: michael@mphillipslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Peter J Comodeca**
Calfee et al
1400 KeyBank Center
800 Superiror Ave
Cleveland, OH 44114
216-622-8200
Fax: 216-241-0816
*TERMINATED: 02/07/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Virginia A Davidson**
Calfee Halter Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
216-622-8200
Fax: 216-622-8200
Email: vdavidson@calfee.com
*TERMINATED: 02/07/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Paul Cunningham**
Attorney at Law
2814 Hamilton Street
Houston, TX 77004
713-225-0325
Fax: 713-395-1311
Email: Cunningham709@yahoo.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| BANKRUPTCY FRAUD<br>(1) | |
| OBSTRUCTION OF COURT ORDERS<br>(1s) | Custody of the Bureau of Prisons for a term of 12 months as to Count 1S and 12 months as to Count 2S to run concurrently for a total term of 12 months. Supervised Release for a term of 1 years. Fine is waived. Special Assessment $50.00 |
| CONCEALMENT OF ASSETS<br>(2) | |
| KNOWING DISREGARD OF BANKRUPTCY LAW OR RULE<br>(2s) | |
| FALSE OATH ADN CLAIMS<br>(3) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

| **Plaintiff** | | |
| --- | --- | --- |
| USA | represented by | **Quincy L Ollison**<br>Office of U S Attorney<br>P O Box 61129 |

Houston, TX 77208
713-567-9717
Fax: 713-718-3300
Email: quincy.ollison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax
Email: flu.usatxs-@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Marshal - H**
515 Rusk
10th Floor
Houston, TX 77002
713-718-4800
Fax: 713-718-4848
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Pretrial Svcs - H**
515 Rusk
6th Floor
Houston, TX 77002
713-250-5218
Fax: 713-250-5666
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation - H**
515 Rusk
2nd Floor
Houston, TX 77002
713-250-5266
Fax: INS_prob1
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James L Turner**
US Attorneys Office
919 Milam
Suite 1500

DC CM/ECF LIVE- US District Court-Texas Southern

Houston, TX 77002
713-567-9361
Fax: 713-718-3302
Email: jim.turner@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2010 | 1 | INDICTMENT (The original indictment with the signature of the grand jury foreperson is on file under seal with the clerk) as to Charles A Watson (1) count(s) 1, 2, 3, Tiffanie Purvis (2) count(s) 1, filed. (mmapps, ) (Entered: 03/26/2010) |
| 03/25/2010 | 2 | US Attys Criminal Docket Sheet as to Charles A Watson, Tiffanie Purvis, filed.(mmapps, ) (Entered: 03/26/2010) |
| 03/25/2010 | 3 | ORDER for Issuance of Arrest Warrant as to Charles A Watson.(Signed by Magistrate Judge Frances H Stacy) Parties notified. (mmapps, ) (Entered: 03/26/2010) |
| 03/30/2010 | 5 | Receipt for Surrender of Passport as to Charles A Watson issued by USA, filed. (ckrus, ) (Entered: 03/30/2010) |
| 03/30/2010 | 6 | Minute Entry for proceedings held before Magistrate Judge John R Froeschner: INITIAL APPEARANCE as to Charles A Watson, Tiffanie Purvis, (Deft informed of rights) held on 3/30/2010. Bond set at $75,000.00 unsecured as to both Defendants. Chris Flood is retained to represent Tiffanie Purvis. Charles A. Watson advises that he has retained Virginia Davidson. Appearances:Larry Eastepp f/Quincy Ollison, AUSA. Chris Flood f/Defts. (ERO:yes) (Interpreter:no), filed.(amaly) (Entered: 03/30/2010) |
| 03/30/2010 | 7 | Unsecured Appearance Bond Entered as to Charles A Watson in amount of $ $75,000.00, filed. (Attachments: # 1 Un-Redacted Bond)(amaly) (Entered: 03/30/2010) |
| 03/30/2010 | 8 | ORDER Setting Conditions of Release.(Signed by Magistrate Judge John R Froeschner) Parties notified. (amaly) (Additional attachment(s) added on 3/30/2010: # 1 Un-Redacted Order) (amaly, ). (Entered: 03/30/2010) |
| 03/31/2010 | 16 | ORDER as to Charles A Watson, Tiffanie Purvis that parties exchange all trial exhibits on or before May 27, 2010.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 04/03/2010) |
| 04/01/2010 | 13 | NOTICE OF SETTING as to Charles A Watson. Arraignment set for 4/8/2010 at 10:00 AM in Courtroom 702 before Magistrate Judge John R Froeschner, filed. (amaly) (Entered: 04/01/2010) |
| 04/01/2010 | 14 | NOTICE OF ATTORNEY APPEARANCE: Virgina A Davidson, Peter J Comodeca appearing for Charles A Watson, filed.(pcrawford, ) (Entered: 04/02/2010) |
| 04/08/2010 | 19 | Minute Entry for proceedings held before Magistrate Judge John R |

DC CM/ECF LIVE- US District Court-Texas Southern

| | | |
|---|---|---|
| | | Froeschner: ARRAIGNMENT as to Charles A Watson (1) Count 1,2,3 held on 4/8/2010. NOT GUILY plea entered on all counts. Scheduling Order issued with copies to the parties. Defendant continued on bond. Appearances: Quincy L Ollison, Virgina A Davidson.(ERO:yes) (Interpreter:no), filed. (amaly) (Entered: 04/08/2010) |
| 04/08/2010 | 20 | SCHEDULING ORDER as to Charles A Watson. Trial Term 5-7 days: Dispositive Motion Filing due by 4/28/2010 Responses due by 5/7/2010 Pretrial Conference set for 6/1/2010 at 09:30 AM in Courtroom 8A before Judge David Hittner Proposed Voir Dire due by 6/1/2010 Jury Trial set for 6/8/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Non-Dispositive Motion Filing due by 4/28/2010.(Signed by Magistrate Judge John R Froeschner) Parties notified. (amaly) (Entered: 04/08/2010) |
| 04/19/2010 | 21 | Joint MOTION for Extension of Time to File Pretrial Motions, MOTION to Certify Case as Complex by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 04/19/2010) |
| 04/20/2010 | 22 | ORDER granting 21 Motion for Extension of Time to File Pretrial Motions as to Charles A Watson (1), Tiffanie Purvis (2); granting 21 Motion to Certify as Complex Case as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 04/20/2010) |
| 05/24/2010 | 23 | UNOPPOSED MOTION to Travel by Charles A Watson, filed. (Attachments: # 1 Proposed Order)(rsmith) (Entered: 05/24/2010) |
| 05/24/2010 | 24 | CLERKS NOTICE on Mandatory Electronic Filing as to Charles A Watson re: 23 MOTION to Travel. Party notified, filed. (rsmith) (Entered: 05/24/2010) |
| 05/25/2010 | 26 | Joint MOTION to Continue PTC, Trial and Motions Deadline by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Charles) (Entered: 05/25/2010) |
| 05/28/2010 | 27 | SCHEDULING ORDER as to Charles A Watson, Tiffanie Purvis. Dispositive Motion Filing due by 8/13/2010 Dispositive Motion Filing due by 8/13/2010 Final Pretrial Conference set for 9/7/2010 at 09:30 AM in Courtroom 8A before Judge David Hittner Jury Selection set for 9/13/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Jury Trial set for 9/13/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 05/28/2010) |
| 05/28/2010 | 28 | ORDER granting 23 Motion to Travel as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 05/28/2010) |
| 08/13/2010 | 29 | Unopposed MOTION to Continue Pretrial Conference, Trial and Motions Deadline by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 08/13/2010) |
| 08/13/2010 | 30 | SCHEDULING ORDER as to Charles A Watson, Tiffanie Purvis. Dispositive Motion Filing due by 8/27/2010 Dispositive Motion Filing due by 8/27/2010 Final Pretrial Conference set for 10/13/2010 at 10:00 AM in Courtroom 8A |

| | | |
|---|---|---|
| | | before Judge David Hittner Jury Selection set for 10/18/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Jury Trial set for 10/18/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 08/13/2010) |
| 08/27/2010 | 31 | MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Davidson, Virginia) (Entered: 08/27/2010) |
| 08/27/2010 | 32 | MOTION for Extension of Time to File additional substantive motions by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/27/2010) |
| 08/27/2010 | 33 | Unopposed MOTION for Brady Materials by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 08/27/2010) |
| 08/27/2010 | 36 | Sealed Event, filed. (With attachments) (Entered: 08/30/2010) |
| 08/30/2010 | 37 | MOTION to Adopt Motions of Other Defendants *Motion to Join Motion for Brady Materials* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/30/2010 | 38 | MOTION to Adopt Motions of Other Defendants *Motion to Join in Motion for Jencks Act Materials* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/30/2010 | 39 | MOTION to Adopt Motions of Other Defendants *Motion to Join Motion for Rule 404(b) Notice* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/31/2010 | 41 | ORDER granting 32 Motion for Extension of Time to File Substantive Motions as to Charles A Watson (1), Tiffanie Purvis (2). Defendants shall have until 9/22/10 to file additional substantive motions.(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 08/31/2010) |
| 08/31/2010 | 42 | ORDER granting 37 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2); granting 38 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2); granting 39 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 08/31/2010) |
| 09/22/2010 | 43 | MOTION for Issuance of Rule 17(c) subpoenas by Charles A Watson, filed. (Attachments: # 1 Exhibit A (Proposed subpoenas), # 2 Exhibit B (Correspondence))(Davidson, Virginia) (Entered: 09/22/2010) |
| 09/22/2010 | 44 | MOTION to Continue Motion Deadlines by Charles A Watson, filed. (Davidson, Virginia) (Entered: 09/22/2010) |
| 09/27/2010 | 45 | ORDER granting 44 Motion to Continue as to Charles A Watson (1). |

| | | | |
|---|---|---|---|
| | | | Defendants have until 9/30/10 to file additional pretrial motions.(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 09/28/2010) |
| 09/30/2010 | 46 | | RESPONSE in Opposition by USA as to Charles A Watson, Tiffanie Purvis re 31 MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel*, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Ollison, Quincy) (Entered: 09/30/2010) |
| 09/30/2010 | 47 | | Sealed Event, filed. (With attachments) (Entered: 09/30/2010) |
| 10/01/2010 | 48 | | Agreed MOTION to Continue Trial and Other Dates by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/01/2010) |
| 10/01/2010 | 49 | | Corrected MOTION to Continue Trial and Other Dates by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/01/2010) |
| 10/05/2010 | 50 | | ORDER denying 48 Motion to Continue as to Charles A Watson (1), Tiffanie Purvis (2); denying 49 Motion to Continue as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 10/05/2010) |
| 10/08/2010 | 51 | | REPLY TO RESPONSE to Motion by Charles A Watson re 31 MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel*, filed.(Davidson, Virginia) (Entered: 10/08/2010) |
| 10/08/2010 | 52 | | EXHIBIT LIST of the United States as to Charles A Watson, filed. (blacy, ) (Entered: 10/08/2010) |
| 10/08/2010 | 55 | | Sealed Event, filed. (Additional attachment(s) added on 10/13/2010: # 1 Continuation, # 2 Continuation) (ealexander, ). (Entered: 10/13/2010) |
| 10/11/2010 | 53 | | MOTION to Withdraw Document 36 Sealed Event, 31 MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/11/2010) |
| 10/13/2010 | 54 | | NOTICE OF SETTING as to Charles A Watson. Re-Arraignment set for 10/18/2010 at 01:45 PM in Courtroom 8A before Judge David Hittner, filed. (ealexander, ) (Entered: 10/13/2010) |
| 10/13/2010 | 56 | | ORDER granting 53 Motion to Withdraw Document as to Tiffanie Purvis (2). (Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 10/13/2010) |
| 10/15/2010 | 57 | | SUPERSEDING CRIMINAL INFORMATION as to Charles A Watson (1) count(s) 1s, 2s, filed. (ealexander, ) (Entered: 10/18/2010) |
| 10/15/2010 | 63 | | US Attys Criminal Docket Sheet as to Charles A Watson, filed.(thanniable, ) (Entered: 10/18/2010) |
| 10/18/2010 | 58 | | Minute Entry for proceedings held before Judge David Hittner: RE- |

| | | |
|---|---|---|
| | | ARRAIGNMENT held on 10/18/2010. Charles A Watson (1) Guilty Count 1s,2s. Sentencing set for January 14, 2011 at 9:30 a.m. Appearances: Quincy L Ollison, Cedric Joubert, Virginia A Davidson, Peter J Comodeca.(Court Reporter: Anita Manley) Deft continued on Bond, filed.(ealexander, ) (Entered: 10/18/2010) |
| 10/18/2010 | 59 | SENTENCING DATA SHEET by USA as to Charles A Watson, filed. (ealexander, ) (Entered: 10/18/2010) |
| 10/18/2010 | 60 | PLEA AGREEMENT as to Charles A Watson, filed. (ealexander, ) (Entered: 10/18/2010) |
| 10/18/2010 | 61 | WAIVER OF INDICTMENT by Charles A Watson, filed.(ealexander, ) (Entered: 10/18/2010) |
| 10/18/2010 | 62 | ORDER for Presentence Investigation and Disclosure & Sentencing Dates as to Charles A Watson. PSI Completion due by 12/7/2010 Objection to PSI due by 12/21/2010 Final PSI due by 1/4/2011 Sentencing set for 1/14/2011 at 09:30 AM in Courtroom 8A before Judge David Hittner.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 10/18/2010) |
| 11/04/2010 | 66 | MOTION to Modify Conditions of Release by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order) (Davidson, Virginia) (Entered: 11/04/2010) |
| 11/04/2010 | 67 | ORDER denying 66 Motion to Modify Conditions of Release as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 11/04/2010) |
| 11/05/2010 | 68 | MOTION for Reconsideration by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Davidson, Virginia) (Entered: 11/05/2010) |
| 11/08/2010 | 69 | ORDER denying 68 Motion for Reconsideration as to Charles A Watson (1). (Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 11/08/2010) |
| 11/10/2010 | 70 | UNOPPOSED MOTION for Permission to Travel by Charles A Watson, filed. (Attachments: # 1 Proposed Order)(ealexander, ) (Entered: 11/10/2010) |
| 11/10/2010 | 71 | ORDER granting 70 Motion to Travel to Belle Chasse, Louisiana as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 11/10/2010) |
| 12/29/2010 | 72 | *Objections of Defendant Charles Watson to Presentence Report* as to Charles A Watson, filed.(Davidson, Virginia) (Entered: 12/29/2010) |
| 01/03/2011 | 73 | Statement by Charles A Watson *(Sentencing Memorandum)*, filed. (Attachments: # 1 Exhibit 1)(Davidson, Virginia) (Entered: 01/03/2011) |
| 01/07/2011 | 74 | Final Presentence Investigation Report (Sealed) as to Charles A Watson, filed. (greed, ) (Entered: 01/07/2011) |
| 01/07/2011 | 75 | Confidential Sentencing Recommendation(Sealed) regarding Charles A Watson, filed. (greed, ) (Entered: 01/07/2011) |

| 01/07/2011 | 76 | Sealed Addendum to 74 Final Presentence Investigation Report (Sealed) as to Charles A Watson, filed. (greed, ) (Entered: 01/07/2011) |
|---|---|---|
| 01/12/2011 | 77 | Supplemental RESPONSE by Charles A Watson as to Charles A Watson, Tiffanie Purvis *Regarding Pre-Sentence Report*, filed. (Attachments: # 1 Exhibit Letter of Mr. Miles Harper)(Davidson, Virginia) (Entered: 01/12/2011) |
| 01/13/2011 | 78 | OBJECTION by USA as to Charles A Watson *Objections to Presentence Report*, filed.(Ollison, Quincy) (Entered: 01/13/2011) |
| 01/14/2011 | 79 | Minute Entry for proceedings held before Judge David Hittner: Sentencing held on 1/14/2011 for Charles A Watson (1), Count(s) 1s, Custody of the Bureau of Prisons for a term of 12 months as to Count 1S and 12 months as to Count 2S to run concurrently for a total term of 12 months. Supervised Release for a term of 1 years. Fine is waived. Special Assessment $50.00 Appearances: Quincy L Ollison, Cedric Joubert, Chris Flood, Virginia A Davidson, Peter J Comodeca.(Court Reporter: Bruce Slavin) Deft continued on Bond, filed.(ealexander, ) (Entered: 01/14/2011) |
| 01/14/2011 | 80 | TRANSCRIPT as to Charles A Watson re: Sentencing held on 1-14-11 before Judge David Hittner.Court Reporter/Transcriber B. Slavin. Release of Transcript Restriction set for 4/14/2011., filed. (bslavin, ) (Entered: 01/14/2011) |
| 01/18/2011 | 81 | Notice of Filing of Official Transcript as to 80 Transcript. Party notified, filed. (dhansen, ) (Entered: 01/18/2011) |
| 01/19/2011 | 82 | JUDGMENT as to Charles A Watson.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 01/20/2011) |
| 01/19/2011 | 83 | Statement of Reasons (Sealed) as to Charles A Watson, filed. (Entered: 01/20/2011) |
| 01/21/2011 | 84 | Statement by Charles A Watson *(Request for Facility Recommendation)*, filed.(Davidson, Virginia) (Entered: 01/21/2011) |
| 01/26/2011 | 85 | MOTION to Dismiss Case by USA as to Charles A Watson, Tiffanie Purvis, filed. (Ollison, Quincy) (Entered: 01/26/2011) |
| 01/28/2011 | 86 | ORDER granting 85 Motion to Dismiss Case as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 01/31/2011) |
| 02/01/2011 | 87 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit by Charles A Watson (Filing fee $ 455, receipt number 0541-7625418.),filed. (Phillips, Michael) (Entered: 02/01/2011) |
| 02/02/2011 | 88 | MOTION to Withdraw as Attorney *by Peter J Comodeca and by Virginia A Davidson* by Charles A Watson, filed. (Davidson, Virginia) (Entered: 02/02/2011) |
| 02/07/2011 | 89 | ORDER granting 88 Motion to Withdraw as Attorney. Peter J Comodeca and Virginia A Davidson withdrawn from case as to Charles A Watson (1). |

DC CM/ECF LIVE- US District Court-Texas Southern

| | | |
|---|---|---|
| | | (Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 02/08/2011) |
| 02/11/2011 | 90 | Notice of Assignment of USCA No. 11-20075 as to Charles A Watson re: 87 Notice of Appeal - Judgment and Sentence,filed.(kgilyard, ) (Entered: 02/11/2011) |
| 02/15/2011 | 91 | Notice of the Filing of an Appeal as to Charles A Watson. DKT13 transcript order form Was Not mailed to appellant. Fee status: Paid. The following Notice of Appeal and related motions are pending in the District Court: 87 Notice of Appeal - Judgment and Sentence,filed.(smurdock, ) (Additional attachment(s) added on 2/15/2011: # 1 Judgment, # 2 Docket Sheet) (smurdock, ). (Entered: 02/15/2011) |
| 02/22/2011 | 92 | DKT-13 TRANSCRIPT ORDER FORM by David Cunningham. Transcript is already on file in Clerk's Office. This order form relates to the following: 87 Notice of Appeal - Judgment and Sentence,filed.(emathis, ) (Entered: 02/23/2011) |
| 02/22/2011 | 93 | DKT-13 TRANSCRIPT ORDER FORM by David Cunningham. This is to order a transcript of the following proceedings: Rearraignment held on 10/18/2010,. This order form relates to the following: 87 Notice of Appeal - Judgment and Sentence,filed.(emathis, ) (Entered: 02/23/2011) |
| 02/24/2011 | 94 | ORDER TO SURRENDER on March 10, 2011 at 2:00 p.m. to FDC Houston as to Charles A Watson.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 02/25/2011) |
| 03/07/2011 | 95 | NOTICE OF ATTORNEY APPEARANCE: David Paul Cunningham appearing for Charles A Watson, filed.(Cunningham, David) (Entered: 03/07/2011) |
| 03/07/2011 | 96 | Opposed MOTION for Bond *Pending Appeal* by Charles A Watson, filed. (Attachments: # 1 Proposed Order)(Cunningham, David) (Entered: 03/07/2011) |
| 03/07/2011 | 97 | Opposed MOTION Extension of Time to Report to Designated Facility by Charles A Watson, filed. (Attachments: # 1 Proposed Order)(Cunningham, David) (Entered: 03/07/2011) |
| 03/09/2011 | 98 | ORDER denying 96 Motion for Bond Pending Appeal as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 03/10/2011) |
| 03/09/2011 | 99 | ORDER denying 97 Motion for Extension of Time to Report to Designated Facility as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 03/10/2011) |
| 03/21/2011 | 100 | TRANSCRIPT as to Charles A Watson re: rearraignment held on 10/18/10 before Judge David Hittner.Court Reporter/Transcriber Anita Manley. Release of Transcript Restriction set for 6/20/2011., filed. (amanley, ) (Entered: 03/21/2011) |
| 03/22/2011 | 101 | Notice of Filing of Official Transcript as to 100 Transcript. Party notified, |

| | | filed. (jdav, ) (Entered: 03/22/2011) |
|---|---|---|
| 03/25/2011 | 102 | This electronic record has been certified and Transmitted re: 87 Notice of Appeal - Judgment and Sentence. A paper copy of the electronic record is being transmitted per request to the Fifth Circuit Court of Appeals in 6 volumes. (USCA No. 11-20075),filed.(blacy, ) (Entered: 03/25/2011) |
| 04/04/2011 | 103 | NOTICE of Receipt of Record on Appeal by US Court of Appeals for the Fifth Circuit as to Charles A Watson, Tiffanie Purvis re 87 Notice of Appeal - Judgment and Sentence filed by Charles A Watson. USCA Case Number 11-20075.,filed.(hler, ) (Entered: 04/05/2011) |
| 04/26/2011 | 104 | Sealed Event, filed. (With attachments) (Entered: 04/26/2011) |
| 05/09/2011 | 106 | ORDER as to Charles A Watson, ORDER Setting Hearing on Opposed Motion for Bond Pending Appeal as to Charles A Watson.( Motion Hearing set for 5/20/2011 at 09:00 AM in Courtroom 8A before Judge David Hittner). (Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 05/10/2011) |
| 05/11/2011 | | **Terminate Deadlines and Hearings as to Charles A Watson: (ealexander, ) (Entered: 05/12/2011) |
| 05/11/2011 | 107 | ORDER as to Charles A Watson, ORDER Setting Hearing on Motion for Bond Pending Appeal as to Charles A Watson.( Motion Hearing set for 5/27/2011 at 10:30 AM in Courtroom 8A before Judge David Hittner). (Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 05/12/2011) |
| 05/23/2011 | 108 | ORDER denying 104 Sealed Motion as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 05/24/2011) |
| 06/07/2011 | 109 | Transmitted Supplemental Record on Appeal consisting of 1 volume to the USCA Fifth Circuit as to Charles A Watson re 87 Notice of Appeal - Judgment and Sentence ; (USCA No: 11-20075 ),filed.(blacy, ) (Entered: 06/07/2011) |
| 06/13/2011 | 110 | NOTICE of Receipt of Record on Appeal by US Court of Appeals for the Fifth Circuit as to Charles A Watson re 87 Notice of Appeal - Judgment and Sentence filed by Charles A Watson. USCA Case Number 11-20075. (glyons) (Entered: 06/13/2011) |
| 06/20/2011 | 111 | Request for Electronic Copy of Certified Record on Appeal as to Charles A Watson, Tiffanie Purvis re 87 Notice of Appeal - Judgment and Sentence *including transcripts*,filed.(Gowie, Renata) (Entered: 06/20/2011) |
| 06/21/2011 | | Certified electronic record on appeal forwarded to Renata Gowie, per request re: 111 , re: 87 Notice of Appeal - Judgment and Sentence. USCA No. 11-20075,filed.(jdav, ) (Entered: 06/21/2011) |
| 06/27/2011 | 112 | *Letter requesting electronic record on appeal* as to Charles A Watson, filed. (Cunningham, David) (Entered: 06/27/2011) |
| 06/28/2011 | 113 | Order of USCA (copy) as to Charles A Watson re: 87 Notice of Appeal - |

| | | |
|---|---|---|
| | | Judgment and Sentence ; USCA No. 11-20075. Motion for release of bond pending appeal is denied. (Attachments: # 1 USCA Cover Letter)(aboyd) (Entered: 06/29/2011) |
| 12/21/2011 | 114 | Opposed MOTION to Reduce Sentence(Under Rule 35) by Charles A Watson, filed. (Phillips, Michael) (Entered: 12/21/2011) |
| 12/22/2011 | 115 | ORDER denying 114 Motion to Reduce Sentence(Under Rule 35) as to Charles A Watson (1).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 12/27/2011) |
| 01/06/2012 | 116 | Fifth Circuit Court of Appeals LETTER advising that the electronic record has been recycled, 3 sealed envelopes to be returned. as to Charles A Watson (USCA No. 11-20075),filed.(mmapps, ) (Entered: 01/09/2012) |
| 01/06/2012 | 117 | Appeal Record Returned from the USCA Fifth Circuit as to Charles A Watson re 87 Notice of Appeal - Judgment and Sentence consisting of 3 Envelopes, (USCA No:11-20075),filed.(emathis, ) (Entered: 01/12/2012) |
| 01/06/2012 | 118 | Order of USCA (copy) as to Charles A Watson issued as mandate 1/4/2012; re: 87 Notice of Appeal - Judgment and Sentence ; USCA No. 11-20075. Its is ordered and adjudged that the sentence and conviction of the District Court is affirmed.,filed.(emathis, ) (Entered: 01/12/2012) |
| 01/06/2012 | 119 | Order of USCA (copy) as to Charles A Watson re: 87 Notice of Appeal - Judgment and Sentence ; USCA No. 11-20075. Watson's conviction and sentence is Affirmed. Watson's motion for bond pending appeal is DENIED.,filed.(emathis, ) (Entered: 01/12/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/03/2012 15:38:05 | | | |
| PACER Login: | ff0160 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:10-cr-00187 |
| Billable Pages: | 9 | Cost: | 0.72 |

# EXHIBIT F

DC CM/ECF LIVE- US District Court-Texas Southern

CLOSED, COMPLEX

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CRIMINAL DOCKET FOR CASE #: 4:10-cr-00187-2

Case title: USA v. Watson et al

Date Filed: 03/25/2010
Date Terminated: 10/20/2010

Assigned to: Judge David Hittner

**Defendant (2)**

**Tiffanie Purvis**
*Bond: $75,000.00 unsecured*
*TERMINATED: 10/20/2010*

represented by **Charles Thomas Flood**
Flood and Flood
914 Preston
Ste 800
Houston, TX 77002
713-223-8877
Fax: 713-223-8879
Email: charles@floodandflood.com
*ATTORNEY TO BE NOTICED*

**Chris Flood**
Flood & Flood
914 Preston
Ste 800
Houston, TX 77002-1832
713-223-8877
Fax: 713-223-8879
Email: laurie@floodandflood.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

BANKRUPTCY FRAUD
(1)

**Disposition**

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**                                          **Disposition**
None

---

**Plaintiff**
USA

represented by **Quincy L Ollison**
Office of U S Attorney
P O Box 61129
Houston, TX 77208
713-567-9717
Fax: 713-718-3300
Email: quincy.ollison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax
Email: flu.usatxs-@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Marshal - H**
515 Rusk
10th Floor
Houston, TX 77002
713-718-4800
Fax: 713-718-4848
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Pretrial Svcs - H**
515 Rusk
6th Floor
Houston, TX 77002
713-250-5218
Fax: 713-250-5666
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation - H**
515 Rusk

2nd Floor
Houston, TX 77002
713-250-5266
Fax: INS_prob1
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James L Turner**
US Attorneys Office
919 Milam
Suite 1500
Houston, TX 77002
713-567-9361
Fax: 713-718-3302
Email: jim.turner@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2010 | 1 | INDICTMENT (The original indictment with the signature of the grand jury foreperson is on file under seal with the clerk) as to Charles A Watson (1) count(s) 1, 2, 3, Tiffanie Purvis (2) count(s) 1, filed. (mmapps, ) (Entered: 03/26/2010) |
| 03/25/2010 | 2 | US Attys Criminal Docket Sheet as to Charles A Watson, Tiffanie Purvis, filed.(mmapps, ) (Entered: 03/26/2010) |
| 03/25/2010 | 4 | ORDER for Issuance of Arrest Warrant as to Tiffanie Purvis.(Signed by Magistrate Judge Frances H Stacy) Parties notified. (mmapps, ) (Entered: 03/26/2010) |
| 03/30/2010 | | Attorney update in case as to Tiffanie Purvis. Attorney Chris Flood for Tiffanie Purvis,Chris Flood for Tiffanie Purvis added. (amaly) (Entered: 03/30/2010) |
| 03/30/2010 | 6 | Minute Entry for proceedings held before Magistrate Judge John R Froeschner: INITIAL APPEARANCE as to Charles A Watson, Tiffanie Purvis, (Deft informed of rights) held on 3/30/2010. Bond set at $75,000.00 unsecured as to both Defendants. Chris Flood is retained to represent Tiffanie Purvis. Charles A. Watson advises that he has retained Virginia Davidson. Appearances:Larry Eastepp f/Quincy Ollison, AUSA. Chris Flood f/Defts. (ERO:yes) (Interpreter:no), filed.(amaly) (Entered: 03/30/2010) |
| 03/30/2010 | 9 | Unsecured Appearance Bond Entered as to Tiffanie Purvis in amount of $ $75,000.00, filed. (Attachments: # 1 Un-Redacted Bond)(amaly) (Entered: 03/30/2010) |
| 03/30/2010 | 10 | ORDER Setting Conditions of Release.(Signed by Magistrate Judge John R Froeschner) (Attachments: # 1 Un-Redacted Order) Parties notified. (amaly) (Entered: 03/30/2010) |