| 03/30/2010 | 11 | Minute Entry for proceedings held before Magistrate Judge John R Froeschner: ARRAIGNMENT as to Tiffanie Purvis (2) Count 1 held on 3/30/2010. NOT GUILTY plea entered as to all counts. Scheduling Order to be mailed to the parties. Appearances: Larry Eastepp f/Quincy Ollison. Chris Flood f/Deft.(ERO:yes) (Interpreter:no), filed.(amaly) (Entered: 03/30/2010) |
|---|---|---|
| 03/31/2010 | 12 | SCHEDULING ORDER as to Tiffanie Purvis. Dispositive Motion Filing due by 4/20/2010 Responses due by 4/30/2010 Pretrial Conference set for 6/1/2010 at 09:30 AM in Courtroom 8A before Judge David Hittner Proposed Voir Dire due by 6/1/2010 Jury Trial set for 6/8/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Non-Dispositive Motion Filing due by 4/20/2010.(Signed by Magistrate Judge John R Froeschner) Parties notified. (amaly) (Entered: 03/31/2010) |
| 03/31/2010 | 16 | ORDER as Charles A Watson, Tiffanie Purvis that parties exchange all trial exhibits on or before May 27, 2010.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 04/03/2010) |
| 04/02/2010 | 15 | Pretrial Services Report (Sealed) as to Tiffanie Purvis, filed. (aallen, ) (Entered: 04/02/2010) |
| 04/19/2010 | 21 | Joint MOTION for Extension of Time to File Pretrial Motions, MOTION to Certify Case as Complex by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 04/19/2010) |
| 04/20/2010 | 22 | ORDER granting 21 Motion for Extension of Time to File Pretrial Motions as to Charles A Watson (1), Tiffanie Purvis (2); granting 21 Motion to Certify as Complex Case as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 04/20/2010) |
| 05/25/2010 | 25 | NOTICE OF ATTORNEY APPEARANCE: Charles Thomas Flood appearing for Tiffanie Purvis, filed.(Flood, Charles) (Entered: 05/25/2010) |
| 05/25/2010 | 26 | Joint MOTION to Continue PTC, Trial and Motions Deadline by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Charles) (Entered: 05/25/2010) |
| 05/28/2010 | 27 | SCHEDULING ORDER as to Charles A Watson, Tiffanie Purvis. Dispositive Motion Filing due by 8/13/2010 Dispositive Motion Filing due by 8/13/2010 Final Pretrial Conference set for 9/7/2010 at 09:30 AM in Courtroom 8A before Judge David Hittner Jury Selection set for 9/13/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Jury Trial set for 9/13/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 05/28/2010) |
| 08/13/2010 | 29 | Unopposed MOTION to Continue Pretrial Conference, Trial and Motions Deadline by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 08/13/2010) |
| 08/13/2010 | 30 | SCHEDULING ORDER as to Charles A Watson, Tiffanie Purvis. Dispositive Motion Filing due by 8/27/2010 Dispositive Motion Filing due by 8/27/2010 Final Pretrial Conference set for 10/13/2010 at 10:00 AM in Courtroom 8A |

| | | |
|---|---|---|
| | | before Judge David Hittner Jury Selection set for 10/18/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner Jury Trial set for 10/18/2010 at 10:00 AM in Courtroom 8A before Judge David Hittner.(Signed by Judge David Hittner) Parties notified. (ealexander, ) (Entered: 08/13/2010) |
| 08/27/2010 | 31 | MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Davidson, Virginia) (Entered: 08/27/2010) |
| 08/27/2010 | 32 | MOTION for Extension of Time to File additional substantive motions by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/27/2010) |
| 08/27/2010 | 33 | Unopposed MOTION for Brady Materials by Tiffanie Purvis as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 08/27/2010) |
| 08/27/2010 | 34 | MOTION for Jencks Act Material by Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Flood, Chris) (Entered: 08/27/2010) |
| 08/27/2010 | 35 | MOTION for Pretrial Notice of 404(b) Evidence by Tiffanie Purvis, filed. (Flood, Chris) (Entered: 08/27/2010) |
| 08/30/2010 | 37 | MOTION to Adopt Motions of Other Defendants *Motion to Join Motion for Brady Materials* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/30/2010 | 38 | MOTION to Adopt Motions of Other Defendants *Motion to Join in Motion for Jencks Act Materials* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/30/2010 | 39 | MOTION to Adopt Motions of Other Defendants *Motion to Join Motion for Rule 404(b) Notice* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 08/30/2010) |
| 08/31/2010 | 40 | ORDER granting 33 Motion for Brady Materials as to Tiffanie Purvis (2). (Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 08/31/2010) |
| 08/31/2010 | 41 | ORDER granting 32 Motion for Extension of Time to File Substantive Motions as to Charles A Watson (1), Tiffanie Purvis (2). Defendants shall have until 9/22/10 to file additional substantive motions.(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 08/31/2010) |
| 08/31/2010 | 42 | ORDER granting 37 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2); granting 38 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2); granting 39 Motion to Adopt Motion of Other Defendants as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 08/31/2010) |

| 09/27/2010 | 45 | ORDER granting 44 Motion to Continue as to Charles A Watson (1). Defendants have until 9/30/10 to file additional pretrial motions.(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 09/28/2010) |
| 09/30/2010 | 46 | RESPONSE in Opposition by USA as to Charles A Watson, Tiffanie Purvis re 31 MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel*, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Ollison, Quincy) (Entered: 09/30/2010) |
| 09/30/2010 | 47 | Sealed Event, filed. (With attachments) (Entered: 09/30/2010) |
| 10/01/2010 | 48 | Agreed MOTION to Continue Trial and Other Dates by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/01/2010) |
| 10/01/2010 | 49 | Corrected MOTION to Continue Trial and Other Dates by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/01/2010) |
| 10/05/2010 | 50 | ORDER denying 48 Motion to Continue as to Charles A Watson (1), Tiffanie Purvis (2); denying 49 Motion to Continue as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 10/05/2010) |
| 10/11/2010 | 53 | MOTION to Withdraw Document 36 Sealed Event, 31 MOTION to Dismiss *Indictment on Grounds of Collateral Estoppel* by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Davidson, Virginia) (Entered: 10/11/2010) |
| 10/13/2010 | 56 | ORDER granting 53 Motion to Withdraw Document as to Tiffanie Purvis (2). (Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 10/13/2010) |
| 10/19/2010 | 64 | MOTION to Dismiss Case by USA as to Tiffanie Purvis, filed. (Ollison, Quincy) (Entered: 10/19/2010) |
| 10/20/2010 | 65 | ORDER granting 64 Motion to Dismiss Case as to Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified.(ealexander, ) (Entered: 10/21/2010) |
| 11/04/2010 | 66 | MOTION to Modify Conditions of Release by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order) (Davidson, Virginia) (Entered: 11/04/2010) |
| 11/05/2010 | 68 | MOTION for Reconsideration by Charles A Watson as to Charles A Watson, Tiffanie Purvis, filed. (Attachments: # 1 Proposed Order)(Davidson, Virginia) (Entered: 11/05/2010) |
| 01/12/2011 | 77 | Supplemental RESPONSE by Charles A Watson as to Charles A Watson, Tiffanie Purvis *Regarding Pre-Sentence Report*, filed. (Attachments: # 1 Exhibit Letter of Mr. Miles Harper)(Davidson, Virginia) (Entered: 01/12/2011) |

| 01/18/2011 | 81 | Notice of Filing of Official Transcript as to 80 Transcript. Party notified, filed. (dhansen, ) (Entered: 01/18/2011) |
| 01/26/2011 | 85 | MOTION to Dismiss Case by USA as to Charles A Watson, Tiffanie Purvis, filed. (Ollison, Quincy) (Entered: 01/26/2011) |
| 01/28/2011 | 86 | ORDER granting 85 Motion to Dismiss Case as to Charles A Watson (1), Tiffanie Purvis (2).(Signed by Judge David Hittner.) Parties notified. (ealexander, ) (Entered: 01/31/2011) |
| 03/22/2011 | 101 | Notice of Filing of Official Transcript as to 100 Transcript. Party notified, filed. (jdav, ) (Entered: 03/22/2011) |
| 04/04/2011 | 103 | NOTICE of Receipt of Record on Appeal by US Court of Appeals for the Fifth Circuit as to Charles A Watson, Tiffanie Purvis re 87 Notice of Appeal - Judgment and Sentence filed by Charles A Watson. USCA Case Number 11-20075.,filed.(hler, ) (Entered: 04/05/2011) |
| 06/20/2011 | 111 | Request for Electronic Copy of Certified Record on Appeal as to Charles A Watson, Tiffanie Purvis re 87 Notice of Appeal - Judgment and Sentence *including transcripts*,filed.(Gowie, Renata) (Entered: 06/20/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2012 15:57:22 | | |
| **PACER Login:** | ff0160 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:10-cr-00187 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# EXHIBIT G

JUDGE _____ Case 4:10-cr-00187 Document 79   Filed in TXSD on 01/14/11   Page 1 of 1

CASE MANAGER  ELLEN ALEXANDER          RPTR/TAPE Bruce Slavin

USPO Chris Hopkins                     INTERPRETER  N/A

TIME  9:45 | 10:15 A.M. ____ begin | end P.M.   DATE  1-14-11
     begin    end

CR. NO.  H-10-187          DEFT. NO.  01

UNITED STATES OF AMERICA                    Gleing Chisen + Craine       AUSA

vs.                                              Talbert

Charles A. Watson                        Peter Cimadieu + Virginia   ☐ CJA
                                                Davidson (R)

## SENTENCING

☑ ksen.       Sentencing held. ☑ Guilty plea ☐ Guilty verdict on 10/18/10 , Cts. 1 and 2

☐ ksen.       Sentencing held with contested issues.

☑ . . .       SENTENCE: Custody of the Bureau of Prisons for a term of 12 months as to
              Count 15 and 12 months as to Count 25 for a total of 12 months
                                            ^ sentence to run concurrently
              Supervised Release for a term of 1 year. Fine is waived.

              Objections are overruled + the PSR + the addendums are adopted by the Court.
              $50 special assessment on Counts  1 and 2
              $25.00
              Time to serve.

☑ kdismcnigv. Counts  Original Indictment  dismissed on government's motion.

☐ kosurr.     Deft ordered to surrender to U.S. Marshal on _____ .

☐ . . .       Deft ordered to surrender to institution when designated.

☐ kcphrg.     Change of plea hearing, deft withdraws plea of guilty. (kpstr.).

☐ kjytrl.     Jury trial set for _____ at _____ .

☐ ko.(bnd.).  Deft bond ☐ set ☐ reduced to $ _____ ☐ Cash ☐ Surety ☐ 10% ☐ PR.

☐ . . .       Deft failed to appear, bench warrant to issue.

☐ . . .       Deft bond ☐ continued ☐ forfeited.

☐ . . .       Deft remanded to custody.

☑ . . .       Terminate other settings for this deft.   ☑ Terminate motions for this deft.
              OTHER PROCEEDINGS: _____

Copy to:   USPO

Case 4:10-cr-00187  Document 82  Filed in TXSD on 01/19/11  Page 1 of 6

AO 245B  (Rev. 08/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

UNITED STATES OF AMERICA

v.

**CHARLES A. WATSON**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: **4:10CR00187-001**
USM NUMBER:  33227-279

Peter J. Comodeca
Defendant's Attorney

☐  See Additional Aliases.

**THE DEFENDANT:**

☒  pleaded guilty to count(s)      1S and 2S on October 18, 2010.

☐  pleaded nolo contendere to count(s)
which was accepted by the court.

☐  was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1509 | Obstruction of court orders | 10/11/2006 | 1S |
| 18 U.S.C. § 156 | Knowing disregard of bankruptcy law | 08/25/2008 | 2S |

☐  See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s) remaining                          ☐ is  ☒ are  dismissed on the motion of the  United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 14, 2011
Date of Imposition of Judgment

Signature of Judge

**DAVID HITTNER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

1/19/11
Date

CH    QAW

Case 4:10-cr-00187   Document 82   Filed in TXSD on 01/19/11   Page 2 of 6

AO 245B   (Rev. 08/05) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT:   **CHARLES A. WATSON**
CASE NUMBER:   **4:10CR00187-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of _____12 months._____
This term consists of TWELVE (12) MONTHS as to each of Counts 1S and 2S, to run concurrently, for a total of TWELVE (12)
MONTHS.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a facility as close to Houston, Texas, as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☒ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment — Page 3 of 6

DEFENDANT:    **CHARLES A. WATSON**
CASE NUMBER:   **4:10CR00187-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   <u>1 year.</u>

    This term consists of ONE (1) YEAR as to each of Counts 1S and 2S, to run concurrently, for a total of ONE (1)YEAR.

☐  See Additional Supervised Release Terms.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

    ☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒  See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment — Page 4 of 6

DEFENDANT:  **CHARLES A. WATSON**
CASE NUMBER:  **4:10CR00187-001**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
           Sheet 5 -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT:   **CHARLES A. WATSON**
CASE NUMBER:   **4:10CR00187-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $50 |  |  |

A $25 special assessment is ordered as to each of Counts 1S and 2S, for a total of $50.

☐  See Additional Terms for Criminal Monetary Penalties.

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

☐  See Additional Restitution Payees.

| **TOTALS** | $_____0.00 | $_____0.00 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the  ☐  fine    ☐  restitution.

    ☐  the interest requirement for the  ☐  fine    ☐  restitution is modified as follows:

☐  Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:10-cr-00187   Document 82   Filed in TXSD on 01/19/11   Page 6 of 6

AO 245B  (Rev. 08/05) Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

Judgment -- Page 6 of 6

DEFENDANT:   CHARLES A. WATSON
CASE NUMBER:   4:10CR00187-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ ___50___ due immediately, balance due

    ☐ not later than _____, or
    ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
    Make all payments payable to: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

    Any balance remaining after release from imprisonment shall be due in accordance with payment schedule established by the probation officer, to commence 30 days after release from imprisonment to a term of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|  |  |  |  |

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1      IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF TEXAS
2         HOUSTON DIVISION

3

UNITED STATES OF AMERICA   )
4             )
VS.           )  NO. H-10-CR-187-1
5             )  January 14, 2011
CHARLES A. WATSON     )
6

7

           SENTENCING
8    BEFORE THE HONORABLE DAVID HITTNER

9

10

11 For the Government:    Mr. Quincy L. Ollison, AUSA
            Mr. Cedric Joubert, AUSA
12          U.S. Attorney's Office
            910 Travis, Suite 1500
13          Houston, TX  77002

14          Ms. Diane G. Livingstone
            U.S. Department of Justice
15          Assistant United States Trustee
            515 Rusk, Suite 3516
16          Houston, TX  77002

17 For Defendant Watson:   Ms. Virginia A. Davidson
            Mr. Peter J. Comodeca
18          Calfee, Halter & Griswold, LLP
            1400 KeyBank Center
19          800 Superior Avenue
            Cleveland, OH  44114
20

  For Defendant Purvis:   Mr. Charles Flood
21          Flood & Flood
            914 Preston, Suite 800
22          Houston, TX  77002

23 Court Reporter:     Bruce Slavin, RPR, CM

24

  Proceedings reported by mechanical stenography and produced
25 by computer-aided transcription.

2

1          THE COURT:  The Court calls the case for sentencing

2   10-187, United States v. Charles Watson.

3          MR. OLLISON:  Good morning, Your Honor.  Quincy

4   Ollison, Cedric Joubert and Diane Livingstone for the United

00:00   5   States.

6          THE COURT:  And for the defense.

7          MS. DAVIDSON:  Good morning, Your Honor.  Virginia

8   Davidson for the Defendant, Charles Watson, along with Peter

9   Comodeca.

00:00  10          MR. COMODECA:  Your Honor.

11          THE COURT:  All right.  Let me see the attorneys up

12   here with the client.  Come on up.

13              Just to give you an idea what I am going to

14   do:  I read the whole thing.  I have got four pages of my

00:01  15   own notes that I need to go over.  I have read everything,

16   including the sentencing memorandum, the entire presentence

17   report.  I have got a number of these things tagged.

18              All right.  I do have some letters.  I have

19   read the letters from Tiffanie Purvis, from Mr. Comodeca.

00:01  20              How do you pronounce it?

21          MR. COMODECA:  "Comodeca", sir.  "Comma" like a

22   punctuation mark, "deck" like a deck of cards.

23          THE COURT:  And Jacqueline Taylor who is a

24   referring attorney on some business.  I also have a letter

00:01  25   here from Mr. Miles Harper, CPA.  I do want to mention -- I

1    don't hold this against anybody because you have no control

2    over it; it was sent directly to me.  But you might mention

3    I don't appreciate the signature is a rubber-stamped

4    signature.  He didn't even take time to sign it himself.  I

00:02   5    notice those sort of things.

6             MR. FLOOD:  Your Honor, I don't mean to interrupt.

7    He is actually outside.

8             THE COURT:  I don't hear any witnesses.  If he

9    wants to come in he's welcome to come in.  If he wants to

00:02   10   stay outside that's fine.  But then you might mention it to

11   him that I picked that up.  I don't think he signs all of

12   his certified audits with a rubber stamp.

13            I have the objections which I need to go

14   through, so let me at least refer to them; and, of course, I

00:02   15   have summarized them.  I want to just let you know I have

16   read them all.  This is just a summary of what I read, and

17   any decisions I make is on completely what I read.

18            There's an initial objection to the PSR cover

19   sheet.  The objection is that the offenses are considered

00:02   20   Class A misdemeanors and the guidelines do not apply.

21   There's a reference in this case to 18, United States Code,

22   Section 3559(a)(6) in response which defines a Class A

23   misdemeanor and states that the guidelines do apply.  At

24   least, that's what is stated.

00:03   25            Objection No. 6 is matters discussed that will

1  be dismissed pursuant to a plea agreement -- in other words,

2  the matters discussed in paragraph 6.  The information

3  that's in there, I believe, is pretty standard of what can

4  be considered in a presentence report, including interviews

00:03  5  with the case agents, investigative reports of this case,

6  court records of the United States Bankruptcy Court, filings

7  by the Defendant, the Trustee and the creditors, and the

8  position taken is that these can be considered under

9  Guideline 1B1.4.

00:03  10  Objection to Paragraph 7 to -- and I quote --

11  this is a quote that I wrote down -- "...thus disregarding

12  the bankruptcy law," and there's also an objection to a

13  two-level enhancement for the use of special skill and,

14  also, there is an allegation of double-counting in the base

00:04  15  offense level.  The response is that the quote that I just

16  stated is an error and removed from the presentence report;

17  also, being an attorney is not required to commit the

18  "threat" aspect of the offense.

19  All right.  There is an objection to paragraph

00:04  20  10, stating that he's entitled to minus two for acceptance

21  of responsibility.  The revised PSR -- That's granted.

22  Actually, there is a minus three for early pleading or

23  timely pleading.  The total offense level now is 13 with a

24  guideline range of 12 to 18 months and a fine range of

00:04  25  $3,000.

```
 1                  Objection to paragraph 12 cites various
 2        sections of the guidelines concerning harm and identifiable
 3        victims and it mentions and references, also, paragraphs 69
 4        and 70.  Response:  Both offenses are conducted by a common
 5        criminal objective of obstructing the bankruptcy process,
 6        with a citation to 3D1.2(b).  There is also a note that I
 7        find interesting -- and I looked back and checked on it --
 8        that if the grouping rules do not apply the offense level be
 9        increased to a 14 with a range of 15 to 21 months and a fine
10        range of $4,000 to $40,000.  So, we have this objection,
11        but, if it was granted, it would be an upping of the range
12        to an offense level higher than it is now.
13                  There are objections, also, to paragraphs 13,
14        14, 17 and 19 and, also, there's a reference to previous
15        objections.  The response is:  "See the previous responses."
16        And I looked back on it and I think it's adequately
17        addressed.
18                  There is an objection to paragraphs 24 through
19        28.  "The information as stated is irrelevant, incorrect and
20        outside the scope of the original indictment in this case."
21        The response is that it can be considered, citing 1B1.4; and
22        paragraph 27, however, is revised concerning the condominium
23        fixtures.
24                  Objection to paragraph 57.  "The total offense
25        level should be no higher than 12 and within Zone C.  Also,
```

00:05   5
00:05   10
00:06   15
00:06   20
00:06   25

1    the two counts should run concurrently."  The response there

2    is stated that 13.1 is correct and the Guideline range is 12

3    to 18 months and that's correct as set forth in Zone C and

4    the table, also, is referenced in Guidelines, Chapter 5,

00:07   5    Part A.

6               Paragraph 58 is objected to where it's stated

7    the Defendant qualifies for probation pursuant to 18, United

8    States Code, 3561(c)(2).  Reference in the response is that

9    probation concurs but, also, there's a reference, however,

00:07  10    to Guideline 5C1.1(d) and that's also considered.

11               Paragraph 59.  "The impact of the plea

12    agreement is not actually described," and the response was

13    that the PSR says it was accurately described.

14               Paragraph 65 is objected to and it says Zone C

00:07  15    permits probation and home confinement.  The response says:

16    "The Defendant statutorily qualifies for probation.  The PSR

17    now concurs that the supervised release and home confinement

18    is permitted if one-half of the minimum term is satisfied by

19    imprisonment."  At least, that's the position of the

00:08  20    probation department.

21               Paragraphs objected to -- 66, 67 and 68 --

22    relative to that there's no fine recommended by the plea

23    agreement and the Defendant has no resources to pay a fine.

24    Also, the Defendant asserts no term of imprisonment is

00:08  25    required or advisable.  The response is:  The fine level in

```
        1    68 is $3,000 to $30,000 and it's so noted and the
        2    Defendant's ability to pay a fine is also described in the
        3    PSR; and, of course, that will be determined once the
        4    sentencing itself proceeds.
00:08   5              Paragraph 72 object to factors that may
        6    warrant a departure from the guidelines.  It says here the
        7    Defendant is innocent of the charges being dismissed by the
        8    plea agreement.  I want, also, the Government to address
        9    that.  He said he's innocent of the charges being dismissed
00:09  10    by the plea agreement and, also, conduct is not, quote,
       11    "relevant conduct", end quote.  Also, it should be a
       12    downward departure, not the possibility of an upward
       13    departure.  The response refers to the Guideline 5K2.2(1)
       14    concerning discussion of upward departures and suggests no
00:09  15    further downward departure after two-level reduction for
       16    acceptance of responsibility.
       17              Now, I phrase this question now carefully.
       18    Aside from what you have in writing any -- you're going to
       19    have plenty of time to talk -- but aside from what you have
00:09  20    in writing, any additions or corrections by the Government?
       21         MR. OLLISON:  None, Your Honor.
       22         THE COURT:  Any additions or corrections by the
       23    defense?
       24         MS. DAVIDSON:  Your Honor, the only additional
00:09  25    guidelines argument that I would intend to make not in our
```

1    papers is that you have discretion and latitude under

2    Section 5K2.0 of the guidelines to find that there are

3    circumstances here that have not been adequately taken into

4    account in the guidelines and it would allow you to depart.

00:10   5         THE COURT:  That's noted.  Aside from that, any

6    additions or corrections, aside from what you just stated

7    and what's contained in your writings?

8         MS. DAVIDSON:  No, sir.

9         THE COURT:  All right.  Aside from the matters that

00:10  10   have been corrected and granted, all other objections are

11   overruled.  The presentence report and all addendums are

12   hereby adopted by this court.

13         Counsel, do you desire to make a statement in

14   behalf of your client?

00:10  15        MS. DAVIDSON:  Yes, I do.

16        THE COURT:  Go right ahead.

17        MS. DAVIDSON:  Thank you, Your Honor.

18         Well, obviously, Your Honor, you have given

19   very careful consideration to our papers and we appreciate

00:10  20   that.  We hope that those papers have given you the

21   opportunity to see who Mr. Watson is, what it is that he did

22   in 2005 and 2006 that resulted in these two misdemeanor

23   charges and, most importantly, how he has grown and matured

24   and, I would say, mellowed over the last years since 2005.

00:11  25        THE COURT:  Well, also reading from your sentencing

1    memorandum, you say that, basically, these two acts that

2    we're going on today arose from stressful and litigious

3    proceedings.  That's the bottom line, and the rest of it, of

4    course, is an elaboration, I believe, on that.  Is that

00:11    5    basically your position?

6         MS. DAVIDSON:  Yes, Your Honor.  And there is no

7    attempt to hide from the conduct or to run from it here,

8    but, basically, these two counts represent the fact that

9    Mr. Watson boiled over and he dug in.  And he's remorseful

00:11    10   for that, he's sorry for that, and he is not the same man

11   who boiled over when he was losing his young child to his

12   ex-wife, and he is not the same man who took more time than

13   was necessary to amend his bankruptcy schedules in a case

14   where he was arguing about --

00:12    15       THE COURT:  Well, he is also a lawyer.  He, also,

16   is, like all of us here, an attorney with a license not to

17   do that and that he knew all along what he was doing.

18        MS. DAVIDSON:  He takes that very seriously, Your

19   Honor, and he's extremely remorseful about that.  I'm not

00:12    20   trying to back away from the conduct at all and neither is

21   he.  He's not a bankruptcy lawyer and he took --

22        THE COURT:  Wait a second.  Hold it.  He was in

23   there representing himself.  You're saying he didn't know

24   what he was doing in the bankruptcy court?

00:12    25       MS. DAVIDSON:  Well, he did have two different sets

1    of bankruptcy lawyers.  He was on his own for a little

2    while.  He had Keavin McDonald in the beginning and then he

3    had Jim Lawniczak toward the end.  And, again, no attempt

4    here, Your Honor, to back away from his conduct whatsoever,

00:12   5    but he took extremely aggressive positions and he was

6    ordered to change those bankruptcy schedules and it took him

7    too long to do it.

8              What I would submit to you is that he did

9    everything he could to make amends for this conduct long

00:12  10    before he was ever charged with any wrongdoing in this case.

11   He didn't wait until it was time to change his plea to

12   apologize to Miss Brandt, and I would like to read for you,

13   if I may, the apology that he filed in the court on October

14   17th of 2006 when he was ordered to pay Miss Brandt's

00:13  15   attorney's fees.  He writes:  "Before beginning this next

16   discussion, Watson would sincerely apologize to the Court,

17   Ms. Brandt and Ms. Mobley for offending them in connection

18   with the discovery in dispute.  It was not propounded to

19   offend or harass."

00:13  20              Well, he wants to acknowledge now that that's

21   exactly the effect that it had and that he is very sorry.

22   But he was filing an apology back in October of 2006 long

23   before he ever had to.  He paid those attorney's fees in

24   full.  He had to have an installment plan to do it because

00:13  25   he didn't have the money to do it all at once, but he paid

1   it in an installment plan and made every payment on time.

2            He also amended his bankruptcy schedules in

3   2008 well before there was a criminal prosecution in this

4   case.

00:14   5            So, he is not coming to you at the last minute

6   and asking for mercy.  I would argue to you, Judge, that

7   mercy can be the better part of justice when the Defendant

8   deserves it.  Mr. Watson years ago did everything he could

9   to deserve that mercy, and that's why we can stand before

00:14  10   you today and ask for a non-custodial sentence so that

11   Mr. Watson can raise his 16-month-old baby and get on with a

12   peaceful, quiet and married life.

13            THE COURT:  All right.  Mr. Watson, do you desire

14   to make a statement on your own behalf?

00:14  15            THE DEFENDANT:  I do, Your Honor.

16            I am ashamed and embarrassed to have to be in

17   front of this court on these matters.  I think my counsel

18   have done everything that they can to try to bring to light

19   the fact that what my circumstance was there then in 2005

00:14  20   and 2006 is very different from what it is now.  But I'm not

21   ashamed -- I am not just ashamed and embarrassed to be here.

22   I am ashamed and embarrassed because of the effect this has

23   had on my family, on my friends, the fact this court has had

24   to take any time to address this and Mr. Ollison and his

00:15  25   staff have had to take any time to address these matters.

         1            And most, in particular, as it relates to

         2   Ms. Brandt, I, in fact, did try to apologize for that

         3   conduct back in 2006, but it obviously -- viewed from the

         4   skewed sense of perspective I had at that point in time, it

00:15    5   obviously was not enough.

         6            I have come here by myself today with my

         7   counsel.  I haven't asked for anyone to be here to support

         8   me because I want to shoulder the burden and the

         9   responsibility for what it is this court has allowed me to

00:15   10   plead guilty to and for which I voluntarily have pleaded

        11   guilty to.

        12            The Court notes that I am an attorney, but I

        13   will say that, even quoting Judge Ellison, bankruptcy law is

        14   counter-intuitive.

00:16   15        THE COURT:  What does that mean?

        16        THE DEFENDANT:  Well, I think it means that what

        17   you think would typically happen in a civil circumstance

        18   doesn't really happen in bankruptcy court.  That's what I

        19   took it to mean from him.  That was his statement on the

00:16   20   record on an appeal that I had in front of him in this very

        21   case.

        22            It was a very difficult road that was hard on

        23   all the litigants and it was hard on me because I was trying

        24   to find my way through it, but that does not excuse the fact

00:16   25   that I lost perspective, I lost my sense of judgment, and I

1   did not do the things that I should have done and I did

2   things that I shouldn't have done which, unfortunately,

3   reflects poorly on my colleagues and fellow members of the

4   bar, for which I also apologize.

00:16   5       THE COURT:  All right.  Government's position?

6       MR. OLLISON:  With respect to counsel's statement

7   that the Defendant amended his bankruptcy schedule well

8   before the indictment, while that is true, Judge Isgur had

9   made a criminal referral a year earlier and that case was

00:17   10  under investigation, Your Honor.  And, so, while a decision

11  hadn't been made, the process of investigating the case

12  which ultimately led to the indictment was underway.

13          In addition, the comment by Defendant that he

14  is innocent of the charges in the original indictment --

00:17   15      THE COURT:  Well, what it was was in the sentencing

16  memorandum.

17      MS. DAVIDSON:  And I'd like to address that.

18      THE COURT:  All right.  Go on.  I want to hear that

19  one specifically.

00:17   20      MR. OLLISON:  Right.  The United States takes the

21  position that there was sufficient evidence that the grand

22  jury found and for which the grand jury found probable cause

23  and indicted the case in which the Government believes that

24  it could have obtained a conviction on each of the counts

00:18   25  and have those counts sustained on appeal.  The United

1  States, through a very protracted and thorough process of

2  negotiation in the case, recognizing its limitations --

3          THE COURT:  Recognizing what?

4          MR. OLLISON:  -- recognizing some limitations in

00:18  5  the case, thought it to be in the best interests of justice

6  to construct a plea in the case.  But I believe that our

7  evidence clearly would have shown that this defendant

8  concealed assets, particularly the stock certificates and

9  the amount thereof --

00:18  10          THE COURT:  All right.  I want you to understand

11  that the Defendant is shaking his head "no" to what you're

12  saying.

13          MR. OLLISON:  Okay.

14          THE COURT:  I picked that up.  So, I want to hear

00:19  15  from you about this.

16              Keep going.

17          MR. OLLISON:  And that the value of the stock was

18  in clear excess of what the Defendant represented, the

19  amount that the Defendant represented, in his schedules in

00:19  20  his bankruptcy filings.  Now, the debate could be what was

21  the value, but --

22          THE COURT:  Well, the bottom line is -- Now, we're

23  going on a misdemeanor.  These are down to two misdemeanors.

24  Right?

00:19  25          MR. OLLISON:  That's correct.

1    THE COURT:  For some reason you went down there.

2 But is it because he was innocent of all those other

3 charges?

4    MR. OLLISON:  No, sir, Your Honor.  That would not

00:19 5 be the position of the United States.

6    THE COURT:  All right.  What else?

7    MR. OLLISON:  Well, I do want to say to the Court

8 that the victim in this case is the bankruptcy system.  The

9 kind of --

00:19 10    THE COURT:  It's also the legal system, of which he

11 is a licensed member.

12    MR. OLLISON:  That's correct, Your Honor, and I

13 wanted to address that as well.

14    THE COURT:  Please.

00:20 15    MR. OLLISON:  And that is that this defendant, just

16 in looking at the facts of the two counts for which he pled

17 guilty in the criminal information, clearly demonstrates

18 that he had no respect for the court and the court's order,

19 that he disregarded the court's orders and what the court

00:20 20 had otherwise ordered him to do, in filing schedules in

21 10 days, he took three years, and then the manner in which

22 he, further, not only abused the system by using the

23 subpoena power of the court to request sexual information

24 concerning a fellow member of the bar and to --

00:20 25    THE COURT:  Yeah.  I read that, too.  Go on.

1      MR. OLLISON:  Right.  And then to contact that

2  lawyer and say, with regard to the sanction that was imposed

3  by the court because of his failure to respond, that 'If

4  you' -- if the attorney agreed to represent to the court

00:21   5  that the fine had been satisfied or that they had reached an

6  agreement on it that he would not pursue this sexual

7  inquisition and that --

8      THE COURT:  Alleged sexual preference.  Wasn't that

9  it?

00:21  10      MR. OLLISON:  That's correct, the alleged sexual

11  preference.  The attorney took that as being threatening and

12  intimidating.  And Mr. Watson is a lawyer.  He knew what he

13  was doing.  He knew that he was well outside the bounds of

14  proper decorum for an attorney, but, quite frankly, it's

00:22  15  unseemly for any individual to do what he did.

16         And, so, the United States believes that not

17  only was there sufficient evidence in the primary

18  indictment, but in this particular case the charges in the

19  criminal information, I think, gives the Court more than

00:22  20  sufficient evidence to see the obstructive, abusive behavior

21  in which he engaged and placed upon the bankruptcy system

22  and our legal assistant.  Lawyers are held to a high

23  standard of conduct, and if we disrespect the system, if we

24  disregard our ethical requirements, if we look askance to

00:22  25  the law, then what citizen, irrespective of lawyer, engineer

1    or dirt digger, can come in and expect fair treatment in our

2    legal system?

3            THE COURT:  All right.  What's your position on

4    sentencing?

00:23    5            MR. OLLISON:  Your Honor, the United States stands

6    silent on sentencing pursuant to the plea agreement.

7            THE COURT:  All right.  Counsel.

8            MS. DAVIDSON:  Thank you, Your Honor.

9            THE COURT:  Before I forget, the business about

00:23   10    actually innocent -- I am trying to look through my notes.

11    I know I stated it.  What section is that?  I just want to

12    go back.  I know you're going to address that, but I want to

13    get exactly where it is, the objections.

14            PROBATION OFFICER:  Paragraph 72.  The objection to

00:23   15    paragraph 72, Your Honor.

16            THE COURT:  Hang on one second.  Let me turn to

17    that.

18            PROBATION OFFICER:  Page 6 of the Defendant's

19    objections, Your Honor.

00:24   20            THE COURT:  Thank you.

21            MR. COMODECA:  Do you have a copy available, Your

22    Honor?

23            THE COURT:  Okay.  All right.

24                Ma'am, go right ahead.

00:24   25            MS. DAVIDSON:  Thank you, Your Honor.  Thank you

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | very much.                                                   |
|       | 2  |              When Judge Isgur heard this bankruptcy case     |
|       | 3  | for many years he said on the record that he could not grant |
|       | 4  | Mr. Watson a bankruptcy discharge if he believes there could |
| 00:24 | 5  | be any bankruptcy fraud going on.  He made that criminal     |
|       | 6  | referral.  One year later he granted Mr. Watson's discharge. |
|       | 7  | So, we believe that that fully addresses these outside       |
|       | 8  | allegations that are in the PSR and the charges of a felony  |
|       | 9  | indictment that are to be dismissed upon Mr. Watson's        |
| 00:25 | 10 | persistence in his guilty plea to these misdemeanor charges. |
|       | 11 | When I wrote that he stands innocent of those charges I was  |
|       | 12 | speaking in the constitutional sense, that there has been no |
|       | 13 | judgment, there has been no conviction, on these charges and |
|       | 14 | that's all that was meant by that.                           |
| 00:25 | 15 |              As to the conduct regarding Miss Brandt, yes,   |
|       | 16 | Mr. Watson acknowledges that it was improper and that he     |
|       | 17 | boiled over and that he shouldn't have done it and that he   |
|       | 18 | would never do it again; and it is not an excuse, but it is  |
|       | 19 | an explanation to say that he truly believed that those      |
| 00:25 | 20 | matters were relevant to his case.                           |
|       | 21 |              THE COURT:  What?                               |
|       | 22 |              MS. DAVIDSON:  To the Trustee's case.           |
|       | 23 |              THE COURT:  About her sexual orientation?       |
|       | 24 |              MS. DAVIDSON:  He believed --                   |
| 00:25 | 25 |              THE COURT:  How is it relevant?                 |

1          MR. COMODECA:  Your Honor, I can explain that.

2          THE COURT:  Yes, sir.  Wait.  Hold it.

3              Counsel, you know, you're up.  I don't mind.

4          MR. COMODECA:  I will do it, Jenna.

00:26  5          MS. DAVIDSON:  Go ahead.

6          THE COURT:  Go on.

7          MR. COMODECA:  Sir, parallel to the allegations

8     against Miss Brandt in the bankruptcy case was a child

9     custody battle that Mr. Watson was engaged with with his

00:26  10    ex-wife who had lesbian orientations and that's why the

11    marriage broke up.  Mr. Watson was under stress from that

12    activity and believed because he saw his ex-wife speaking

13    with Miss Brandt that they were for some reason based on

14    sexual preference, were colluding to exchange information to

00:26  15    support the child custody battle in one court and to

16    disclose assets, values, whatever or cause more problems

17    with the bankruptcy proceeding.  That's the simple

18    explanation for it, and he erred, but that's the reason the

19    matter even came up from the bankruptcy court at all.

00:26  20              Now, as to the scheduling of assets, at the

21    time those assets were scheduled Mr. Watson was represented

22    by counsel and his misdemeanor charge says it's an aiding

23    and abetting by providing information.  He resisted changing

24    that when he was representing himself in a bankruptcy

00:27  25    proceeding and it was changed.  He did schedule the assets

1    after he got his second bankruptcy counsel in sequence.  An

2    error, yes, but that's the sequence of events that

3    contributed to the error.

4              MS. DAVIDSON:  Your Honor, not to double-team you,

00:27  5    but --

6              THE COURT:  No.  Go on.

7              MS. DAVIDSON:  -- one point I would like to make as

8    to Mr. Watson's license.  He has been suspended from

9    practicing in federal court.  He has paid some price already

00:27  10   in terms of the types of cases that he is able to take.  And

11   although he did a bad thing with his license back in 2006,

12   he has done many good things with his license since then and

13   currently.  He is beginning to rebuild his professional life

14   so that he can support his family and be a good, respectful

00:27  15   and contributing member to the bar, and there is no better

16   lawyer than one who has had to learn the hardest of lessons.

17   And that is who Mr. Watson is before you today.

18             THE COURT:  Thank you.

19             Counsel, do you know any reason why your

00:28  20   client should not be sentenced at this time?

21             MS. DAVIDSON:  No, Your Honor.

22             THE COURT:  All right.  I have considered the

23   factors that may warrant departure.  I decline to depart.  I

24   feel that the following sentence is appropriate and meets

00:28  25   the qualifications of 18, United States Code, Section

1    3553(a).

2             The Defendant is hereby committed to the

3    custody of the Bureau of Prisons to be imprisoned for a term

4    of 12 months as to Count 1-S and a term of 12 months as to

00:28    5    Count 2-S to be served concurrently for a total term of 12

6    months.

7             Upon release from imprisonment he'll be placed

8    on supervised release for a term of one year.  This term

9    consists of one year as to Counts 1-S and 2-S and that will

00:28   10    run concurrently.  Within 72 hours of release from custody

11    of the Bureau of Prisons the Defendant shall report in

12    person to the probation office in the district to which he

13    is released.

14             While on supervised release the Defendant

00:28   15    shall not commit another federal, state or local crime,

16    shall comply with the standard conditions that have been

17    adopted by this court under General Order H-1996-10, abide

18    by any mandatory conditions required by law and comply with

19    the following additional conditions.  The Defendant is

00:29   20    required to provide the probation officer access to any

21    requested financial information and he'll be prohibited from

22    incurring new credit charges or opening additional lines of

23    credit without approval of the probation officer.

24             It is further ordered he'll pay to the United

00:29   25    States a special assessment of $25.00 as to each of the two

1    counts for a total of $50.00.  I am finding that, from what

2    I see and his other obligations, he doesn't have the ability

3    to pay a fine.  I am going to waive a fine in this case.

4    The amount of $50.00 is due immediately; if not, in periodic

00:29  5    payments to be set up by the probation department.

6              Was there a plea agreement in this case?

7            MR. OLLISON:  Yes, Your Honor.

8            THE COURT:  What does it state relative to rights

9    of appeal?

00:30  10            MR. OLLISON:  That the Defendant waives his rights,

11    Your Honor.

12            THE COURT:  All right.  Anything further from the

13    Government, then?

14            MR. OLLISON:  Nothing from the United States.

00:30  15            THE COURT:  Anything further from the defense?

16            MS. DAVIDSON:  Yes, briefly, Your Honor.  Will you

17    consider a sentence of one year and one day, whether

18    separately on the two counts or together?

19            THE COURT:  Well, let me ask you this.  These are

00:30  20    misdemeanors.  I can't go above that, can I, the one day?

21            PROBATION OFFICER:  The probation office believes

22    you have the discretion, Your Honor, to run them

23    consecutively.  You'd have to sentence him to 12 months on

24    Count 1 and one day on Count 2 and run them consecutive to

00:30  25    achieve that total sentence.

| | | |
|---|---|---|
| | 1 | THE COURT:  What's the Government's position? |
| | 2 | MR. OLLISON:  I think the Court's original sentence |
| | 3 | should stand. |
| | 4 | THE COURT:  It's going to stand. |
| 00:30 | 5 | All right.  Anything further from the |
| | 6 | Government? |
| | 7 | MR. OLLISON:  Nothing, Your Honor. |
| | 8 | THE COURT:  Anything further from the defense? |
| | 9 | MR. COMODECA:  No, Your Honor. |
| 00:30 | 10 | THE COURT:  All right.  Well, do you want to ask |
| | 11 | that he be incarcerated in a facility as close as possible |
| | 12 | to Houston, Texas?  Is that where his family is? |
| | 13 | MR. COMODECA:  They're right in town here, Your |
| | 14 | Honor. |
| 00:30 | 15 | THE COURT:  Well, do you want me to make that |
| | 16 | recommendation? |
| | 17 | MS. DAVIDSON:  I'm sorry, Your Honor.  I was |
| | 18 | speaking to -- |
| | 19 | MR. COMODECA:  Recommendation for local |
| 00:31 | 20 | confinement. |
| | 21 | Yes, Your Honor, we would make that -- |
| | 22 | THE COURT:  I will make the request.  I can't order |
| | 23 | it.  I can make the request that he be incarcerated in a |
| | 24 | facility as close as possible to the Houston area. |
| 00:31 | 25 | Anything further now from -- |

1          MS. DAVIDSON:  Yes.

2          MR. OLLISON:  Your Honor, just two quick things.

3          THE COURT:  Wait a second.  I want to amend that --

4   No.  I am staying the way it is.

00:31   5          All right.  Go on.

6          MR. OLLISON:  Two quick things, Your Honor.  One,

7   the United States makes an oral motion to be followed up

8   with a written motion to dismiss Counts 1, 2 and 3 of the

9   original indictment; and, two, the United States has no

00:31   10  objection to him self-reporting.

11          THE COURT:  Both of them are granted.

12          I think, Ellen, at this point he needs to

13  report to the probation office, since it's "self", or to the

14  Marshal Service?

00:31   15         CASE MANAGER:  The Marshal Service.

16          THE COURT:  The Marshal Service.

17          Thank you.  We'll stand adjourned.

18

19              COURT REPORTER'S CERTIFICATE

20          I, BRUCE SLAVIN, certify that the foregoing is a

21  correct transcript from the record of proceedings in the

22  above-entitled matter, to the best of my ability.

23

24                    *s/Bruce Slavin*
                       BRUCE SLAVIN, RPR, CM
25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES A. WATSON                    §
                                     §
        Plaintiff                    §
                                     §
VS.                                  §          Civil Action No.: _____
                                     §
VIRGINIA A DAVIDSON,                 §
INDIVIDUALLY, CALFEE, HALTER         §
& GRISWOLD, LLP, AND FLOOD &         §
FLOOD                                §
        Defendant                    §

## INDEX OF MATTERS BEING FILED

Exhibit A:        Plaintiff's Original Petition filed in the 215th Judicial District Court of
                  Harris County, Texas.

Exhibit B:        Docket Sheet of the 215th Judicial District Court

Exhibit C:        All executed processes, pleadings asserting causes of action and all
                  answers to such pleadings, and all orders signed by the State judge

Exhibit D:        List of all counsel of record, including addresses, telephone numbers and
                  parties represented

# EXHIBIT A

CONFIRMED FILE DATE: 1/13/2012

**2012-02717**

CAUSE NO. _____

| | | |
|---|---|---|
| CHARLES A. WATSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| VIRGINIA A. DAVIDSON, | § | |
| INDIVIDUALLY, CALFEE, HALTER & | § | |
| GRISWOLD, LLP, AND FLOOD & | § | |
| FLOOD, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |



---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Charles A. Watson, files this Original Petition and Request for Disclosure, complaining of Virginia A. Davidson, individually, Calfee, Halter & Griswold, LLP, and Flood & Flood, and for such petition, would show the Court as follows:

#### A.  Discovery - Control Plan

1.      Plaintiff intends to conduct discovery under Level Three of Tex.R.Civ.P. 190.4.

#### B.  Parties

2.      Charles A. Watson ("Watson" or "Plaintiff") is an individual residing in Harris County, Texas.

3.      Virginia A. Davidson ("Davidson"), a licensed attorney residing in Ohio and conducting business in Harris County, Texas, may be served at her Ohio office address, 1400 Keybank Center, 800 Superior Avenue, Cleveland, OH 44114.

4.      Calfee, Halter & Griswold, LLP ("CHG"), a foreign Limited Liability Partnership conducting business in Harris County, Texas, may be served with process by serving its

Certified Document Number: 51050633 - Page 1 of 7

1

registered agent, Brent D. Ballard, 1400 Keybank Center, 800 Superior Avenue, Cleveland, OH 44114.

5.      Flood & Flood ("Flood" and collectively with Davidson and CHG, "Defendants"), an unincorporated association doing business in Harris County, Texas, may be served with process by serving its owner, Chris Flood, at 2135 Del Monte, Houston, TX 77019.

## C. Jurisdiction

6.      The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional limits.  The Court has jurisdiction over Davidson and CHG, non-residents, because said defendants purposely availed themselves of the privileges and benefits of conducting business in Texas by providing legal services to the Plaintiff in a cause pending in Houston, Harris County, Texas, which is the subject of this suit, in whole or in part, in Texas.

## D. Venue

7.      Venue is appropriate in Harris County, Texas because Harris County is a county in which all or a substantial part of the events or omissions giving rise to the claim occurred (C.P.R.C. § 15.002(a)(1)) and is the county of defendant's principal office in this State as to Flood & Flood and the county of residence of its owner, Chris Flood, at the time the cause of action arose (C.P.R.C. § 15.002(a)(2)).

## E. Factual Allegations

8.      Defendants were engaged to provide legal services to Plaintiff in defense of a criminal indictment in Case 4:10-CR-00187, *U.S. v. Watson et al.*, in the United States District Court for the Southern District of Texas, Houston Division. Plaintiff reached a plea agreement with the Government, providing that Plaintiff would be charged with and plead guilty only to the

Certified Document Number: 51050633 - Page 2 of 7

2

misdemeanor offenses of (1) obstruction of court orders and (2) knowing disregard of the bankruptcy laws. In turn, the Government agreed to not take a position on punishment at the time of sentencing. As of that time, significant responsibilities remained for the attorney to perform in assisting in the Pre-Sentence Investigation, the PSI report, and objection to matters that cannot be resolved on the PSI.

9. Defendants were negligent in their Pre-Sentence Investigation and handling of sentencing. Specifically, Defendants failed to investigate evidence to support the counts remaining after the plea agreement. On the count for obstruction of court orders, Defendants failed to investigate whether there was sufficient evidence to support a conviction for obstruction of an order that had been superseded and/or rescinded. On the count for knowing disregard of the bankruptcy laws, Defendants failed to investigate whether there was sufficient evidence that any case or related proceeding was dismissed under the specific circumstances then existing to support conviction. While the Government, by the plea agreement, limited conviction to two factual events that by the time of sentencing had not occurred, Defendants were negligent in the handling of pre-sentencing and sentencing in failing to address the evidentiary basis for punishment. If a conviction could be sustained with only a "plea of guilty" then the punishment should have probated any term of confinement.

10. By invitation of the court, Defendants were given the opportunity to recommend the detention facility in which Plaintiff should serve his sentence. Defendants were negligent in failing, and refusing, to timely provide the court with a recommendation for a federal camp. As a result, Plaintiff was sentenced to serve time in a maximum security, lock-down facility (Houston FDC) rather than a minimum security camp, which has no bars, fences or other lock-down facilities for high-security confinement.

Certified Document Number: 5105063.3 - Page 3 of 7

11.     At sentencing, the Government failed to keep its promise to stand silent and therefore breached the plea agreement. However, Defendants failed to object to the Government's breach at sentencing, forfeiting Plaintiff's claim for appellate relief from the error, and the length of Plaintiff's confinement was materially extended. As a result of Defendant's negligence and waiver, Plaintiff's sentence was affirmed on appeal.

## Count I - Negligence

12.     Plaintiff entered into a contract with the United States of America which was reduced to writing and formally approved by the trial court, being the U.S. District Court, Southern District of Texas, Honorable David Hittner, presiding. This contract provided that Plaintiff would enter a plea of guilty to two misdemeanor counts. The United States of America had an obligation to present to the sentencing judge evidence necessary to support a misdemeanor conviction. Additionally, as a part of this contract, the United States of America was prohibited from taking a position at sentencing to the sentencing judge. Defendants' had an obligation to investigate the factual circumstances surrounding the two misdemeanor criminal charges and both present to the pre-sentence investigator and assist in presenting to the pre-sentence investigator factual information which would have resulted in either no conviction being able to be sustained, or at the least, a probated term of confinement based upon the voluntary sentencing guidelines. Plaintiff will show this court and jury that the conduct of Defendants was both "cause-in-fact" and foreseeable and therefore was a proximate cause of Plaintiff's damages which resulted in a sentence of one year confinement in a maximum security confinement facility (Houston – FDC) rather than probation or a minimum security camp in Bastrop, Texas or Beaumont, Texas.

4.

13.   Davidson was negligent and her negligence proximately caused injuries to Plaintiff in the following ways:

a.   Failing to investigate and provide the pre-sentence investigator and the court evidence that the count alleging obstruction of court orders could not support a conviction because the court order relied upon in the complaint was subsequently rescinded;

b.   Failing to investigate and provide the pre-sentence investigator and the court that the count for knowing disregard of bankruptcy law could not support a conviction when the facts that established no case or proceeding was dismissed because of Plaintiff's alleged conduct;

c.   Failing and refusing to timely provide the court with a recommendation for a minimum security camp which by default resulted in confinement in Houston – FDC;

d.   At sentencing failing to object to the Government's opposition of increasing the sentence to the sentence on the second count to a one-day sentence to be served consecutive to the one year sentence resulting in a longer term of incarceration and confinement in Houston – FDC and effectively eviscerating Plaintiff's appeal.

14.   By principals of agency, CHG and Flood are liable for the negligence and wrongful conduct of Davidson.

15.   As attorneys for Plaintiff, Defendants owed Plaintiff a duty of care. In the course of Defendants' representation of Plaintiff, Defendants failed to act with the diligence required under the standard of care. As a result of Defendants' conduct, Plaintiff has proximately suffered actual damages that are in excess of the minimum jurisdictional limits of the Court. Davidson is individually liable for her own negligence and wrongful conduct. By principles of agency, CHG and Flood are liable for the negligence and wrongful conduct of the lawyers acting on their behalf.

**F.   Request for Disclosure**

Certified Document Number: 51050633 - Page 5 of 7

16.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(a) through (l). Furthermore, Defendants are under a duty to seasonably supplement their answers in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

### G.   Prejudgment Interest

17.     Plaintiff maintains this suit for prejudgment interest on his damages in the maximum amount as authorized by law.

### H.   Right to Amend

18.     Plaintiff specifically reserves the right to further amend these pleadings prior to the trial of this cause, and to show more specifically the grievous injuries and damages sustained by Plaintiff due to the negligence of the Defendants.

### I.   Jury Demand

19.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### J.   Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Charles A. Watson, prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment as prayed for against Defendants as heretofore specifically plead as compensatory damages; that he have prejudgment interest on said judgment as authorized by law; that Plaintiff have interest on said judgment at the legal rate from the date of entry until paid; that he have his costs of court and that he have such other and further relief, general or special, legal or equitable, to which he may show himself justly entitled and for which he will ever pray.

Certified Document Number: 51050633 - Page 6 of 7

Respectfully submitted,

THE MICHAEL M. PHILLIPS LAW FIRM, P.C.

Michael M. Phillips
State Bar No. 15939000
P.O. Box 1030
Angleton, TX 77516-1030
[Tel.] (979) 849-4382
[Fax] (979) 849-1409

ATTORNEY FOR PLAINTIFF

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 3, 2012

Certified Document Number:        51050633 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT B

**HCDistrictclerk.com**     WATSON, CHARLES A vs. DAVIDSON, VIRGINIA A     2/3/2012
Cause: 201202717     CDI: 7     Court: 215

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 1/13/2012 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | OTHER CIVIL |
| **Next/Last Setting Date** | N/A |

### COURT DETAILS

| | |
|---|---|
| **Court** | 215th |
| **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686330 |
| **JudgeName** | STEVEN KIRKLAND |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| WATSON, CHARLES A | PLAINTIFF - CIVIL | | PHILLIPS, MICHAEL M. |
| DAVIDSON, VIRGINIA A | DEFENDANT - CIVIL | | |
| CALFEE HALTER & GRISWOLD LLP | DEFENDANT - CIVIL | | |
| FLOOD & FLOOD | DEFENDANT - CIVIL | | |
| CALFEE, HALTER & GRISWOLD LLP BY SERVING ITS REGISTERED AGENT BRENT D | REGISTERED AGENT | | |
| FLOOD & FLOOD BY SERVING ITS OWNER CHRIS FLOOD | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Attorney |
|------|-------------|--------------|-----------|-----|----------|
| 1/13/2012 | JURY FEE PAID (TRCP 216) | | | 0 | |
| 1/13/2012 | ORIGINAL PETITION | | | 0 | PHILLIPS, MICHAEL M. |

## SERVICE

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION (OHIO) | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | DAVIDSON, VIRGINIA A 1400 KEYBANK CENTER | 1/13/2012 | 1/20/2012 | | | | 72742095 | ATTORNEY PICK-UP |
| CITATION (OHIO) | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CALFEE, HALTER & GRISWOLD LLP BY SERVING ITS REGISTERED AGENT BRENT D BALLARD | 1/13/2012 | 1/20/2012 | | | | 72743895 | ATTORNEY PICK-UP |
| CITATION | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | FLOOD & FLOOD BY SERVING ITS OWNER CHRIS FLOOD | 1/13/2012 | 1/20/2012 | | | | 72743897 | ATTORNEY PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 51148259 | Civil Bureau Process Pick-Up Form | | 01/20/2012 | 1 |
| 51050633 | Plaintiffs Original Petition and Request for Disclosure | | 01/13/2012 | 7 |
| -> 51050634 | Civil Case Information Sheet | | 01/13/2012 | 1 |

# EXHIBIT C



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2012-02717

ATY ✓  CIV ___

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

ATTORNEY: Phillips, Michael PH: _____

CIVIL PROCESS SERVER: _____

PH: _____

PERSON NOTIFIED SVC READY: _____

DATE: _____

30th day after date of issuance  2.13.12

| Type of Service Document: | | Tracking Number | 72143897 |
| Type of Service Document: | | Tracking Number | 72143895 |
| Type of Service Document: | | Tracking Number | 72142093 |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |

Process papers prepared by: K Perkins

Date: 1/20/2012

Process papers released to: _____

Process papers released by: _____

Date: 1/20/20, 2012  Time: 7/116  AM / PM

Revised 3/10/11

CONFIRMED FILE DATE: 1/20/2012

Certified Document Number: 51148259 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 3, 2012

Certified Document Number:        51148259 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES A. WATSON,                              §
                                                §
         Plaintiff,                             §
                                                §
VS.                                             §        Civil Action No.: _____
                                                §
VIRGINIA A DAVIDSON,                            §
INDIVIDUALLY, CALFEE, HALTER                    §
& GRISWOLD, LLP, and FLOOD &                    §
FLOOD,                                          §
                                                §
         Defendants.                            §

## LIST OF PARTIES AND COUNSEL

NOW INTO COURT, through undersigned counsel, comes DEFENDANTS VIRGINIA

A. DAVIDSON INDIVIDUALLY, CALFEE, HALTER & GRISWOLD, LLP, and FLOOD &

FLOOD and pursuant to 28 U.S.C. §1447(b), submits the following list of parties in this action:


Plaintiff:       Charles A. Watson

Attorney:        Michael M. Phillips
                 The Michael M. Phillips Law Firm, P.C.
                 P.O. Box 1030
                 Angleton, Texas  77516-1030
                 Phone: (979) 849-4382
                 Fax:    (979) 849-1409

Defendants:      Virginia A. Davidson, Individually
                 Calfee, Halter & Griswold, LLP
                 Flood & Flood

Attorney:        Paul Nugent
                 Heather Peterson
                 402 Main, Suite 800
                 Houston, TX 77002
                 Phone: (713) 227-4000
                 Fax:   (713) 223-8879